UNITED STATES of America, Appellee,

v.

Antoine ECHOLS, Appellant.

No. 93–1581.

United States Court of Appeals,
Eighth Circuit.

Submitted Sept. 1, 1993.

Decided Sept. 7, 1993.

Eric W. Butts, St. Louis, MO, for appellant.

Joseph M. Landolt, St. Louis, MO (Stephen B. Higgins on the brief), for appellee.

Before JOHN R. GIBSON, MAGILL, and BEAM, Circuit Judges.

PER CURIAM.

Antoine Echols appeals the 168–month sentence the district court[1] imposed after the jury found Echols guilty of distributing cocaine base and possessing a firearm during the commission of a drug trafficking crime in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C) and 18 U.S.C. § 2. We affirm.

On March 31, 1992, St. Louis County Police Officer Kirk Lloyd was working undercover, investigating crack cocaine sales in Pine Lawn, Missouri. A "steerer" took Lloyd to Echols's residence. Echols appeared at the back door holding a shotgun and handed two rocks of crack to the steerer to give to Lloyd. Lloyd paid $60 for the crack, using bills that had been photocopied at the police station earlier in the evening.

1. The Honorable Edward L. Filippine, Chief Judge, United States District Court for the Eastern District of Missouri.

Detective Michael Dierkes arrested Echols after the transaction. When Dierkes identified himself as a police officer, Echols ran inside his house, discarding the shotgun and a Chapstick case containing one rock of crack. Dierkes found $1,982 in small bills in Echols's pants pocket, $55 of which matched the police photocopies. The steerer was arrested with $5 matching the photocopied money. Laboratory tests identified the drugs seized as crack.

After the jury returned its verdict, the district court ordered a presentence report (PSR). At sentencing, Echols objected to the PSR's conclusion that all of the seized $1,982 derived from drug sales and thus represented additional crack attributable to him. He also argued that the Sentencing Guidelines' treatment of crack cocaine and powder cocaine violates the Equal Protection Clause. The district court rejected this argument, overruled the objection to the PSR, and imposed consecutive sentences of 108 months on Count I and 60 months on Count II.

On appeal, Echols argues that the district court erred in overruling his objection to the PSR and reasserts his equal protection argument. He also claims ineffective assistance of trial counsel based on the alleged failure to investigate possible alibi defenses or to call several defense witnesses.

■ To accurately reflect the scale of drug trafficking activity, the Guidelines authorize the district court to convert seized money into a quantity of drugs. U.S.S.G. § 2D1.1, comment. (n.12) ("[w]here there is no drug seizure or the amount seized does not reflect the scale of the offense, the court shall approximate the quantity of the controlled substance"); *United States v. Stephenson*, 924 F.2d 753, 764 (8th Cir.), *cert. denied*, —— U.S. ——, 112 S.Ct. 321, 116 L.Ed.2d 262 (1991) and —— U.S. ——, 112 S.Ct. 63, 116 L.Ed.2d 39 (1991). For sentencing purposes, a preponderance of the evidence is the appropriate standard for proving the quantity of drugs. *United States v. Wiley*, 997 F.2d 378, 385 (8th Cir.1993); *United States v. England*, 966 F.2d 403, 409 n. 4 (8th Cir.) (rejecting clear-and-convincing standard), *cert. denied*, —— U.S. ——, 113 S.Ct. 668, 121 L.Ed.2d 592 (1992).

■ Relying on *United States v. Kikumura*, 918 F.2d 1084 (3d Cir.1990), Echols argues that the clear-and-convincing standard should apply when determining whether seized money may be converted to a quantity of drugs to increase a defendant's sentence. His case, however, does not present a sentence increase of the same magnitude as in *Kikumura*. The preponderance-of-the-evidence standard was appropriate. *See United States v. Galloway*, 976 F.2d 414, 426 (8th Cir.1992) (discussing *Kikumura*), *cert. denied*, —— U.S. ——, 113 S.Ct. 1420, 122 L.Ed.2d 790 (1993).

■ The district court found that the combination of facts here—Echols's unemployed status, his intermingling of the marked bills with the rest of his money, his sale of crack to Lloyd, and his possession of additional crack when arrested—established by a preponderance of the evidence that the seized money derived from drug sales. That finding was not clearly erroneous. *See United States v. Mason*, 982 F.2d 325, 328 (8th Cir. 1993) (standard of review).

We have already rejected the equal protection argument Echols makes. *See, e.g., United States v. Womack*, 985 F.2d 395, 400–01 (8th Cir.1993); *United States v. Williams*, 982 F.2d 1209, 1213 (8th Cir.1992). Echols's ineffective-assistance claim is premature. *See, e.g., United States v. Thomas*, 992 F.2d 201, 204 (8th Cir.1993) (ineffective-assistance claims generally not properly raised on direct appeal because record insufficient to assess claims).

Accordingly, we affirm.