Bob O. PARRIS, Plaintiff–Appellant,

v.

UNITED STATES of America, Defendant–Appellee.

No. 94–6341.

United States Court of Appeals, Tenth Circuit.

Jan. 17, 1995.

Submitted on the Briefs: *

Bob O. Parris, pro se.

Vicki Miles–LaGrange, U.S. Atty., and Robert A. Bradford, Asst. U.S. Atty., on the brief, for defendant-appellee.

Before ANDERSON, BALDOCK and BRORBY, Circuit Judges.

BRORBY, Circuit Judge.

Mr. Parris appeals the district court's entry of summary judgment against him. Mr. Parris, who is currently incarcerated, filed this action for damages pursuant to the Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 2671–2680. Mr. Parris's claim is based on the alleged legal malpractice of the Assistant Federal Public Defender who represented him in the criminal proceeding conducted in the United States District Court for the Eastern District of Oklahoma, which resulted in his present incarceration. We have jurisdiction under 28 U.S.C. § 1291, and affirm.

While Mr. Parris's cause of action is couched in terms of negligence, he is actually seeking further review of the basis for his conviction. He seeks $1,000 per day "for every day [he] spends in prison" because of his attorney's negligence. Mr. Parris alleges the government's evidence against him was "false" and "fabricated," and that the government's witnesses were lying. He claims his attorney refused to present exculpatory evidence. Mr. Parris concludes that "because of the negligence of my lawyer, I am a convict at El Reno, *not* because I am guilty." Thus, as the district court concluded, Mr. Parris "squarely calls into question the validity of his convictions."

In *Heck v. Humphrey*, —— U.S. ——, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994), the Supreme Court addressed whether a state prisoner may challenge the constitutionality of his conviction in a suit for damages under 42 U.S.C. § 1983. The inmate in *Heck* alleged, *inter alia,* as does Mr. Parris here, that evidence existed "which was exculpatory in nature and could have proved [his] innocence" but that the evidence was improperly withheld. *Id.* at ——, 114 S.Ct. at 2368. The Court noted the case "call[ed] into question the lawfulness of [the plaintiff's] conviction or confinement." *Id.* at ——, 114 S.Ct. at 2370. Because § 1983 created a form of tort liability, the Court looked to the common law of torts for guidance. *Id.* at ——, 114 S.Ct. at 2370–71. Relying on "the hoary principle that civil tort actions are not appropriate vehicles for challenging the validity of outstanding criminal judgments," *id.* at ——, 114 S.Ct. at 2372, the Court concluded:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has *not* been so invalidated is not cognizable under § 1983.

*Id.* at ——, 114 S.Ct. at 2372 (footnote and citations omitted). If "a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence ... the complaint must be dismissed unless the plaintiff can demonstrate that the conviction

---

* After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. *See* Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The cause is therefore ordered submitted without oral argument.

or sentence has already been invalidated." *Id.*

The FTCA, like § 1983, creates liability for certain torts committed by government officials. As such, we conclude the same common law principles that informed the Supreme Court's decision in *Heck* should inform the decision of whether an action under the FTCA is cognizable when it calls into question the validity of a prior conviction. We conclude the FTCA, like § 1983, is "not [an] appropriate vehicle[ ] for challenging the validity of outstanding criminal judgments." *Id.* at ——, 114 S.Ct. at 2372; *cf. Stephenson v. Reno,* 28 F.3d 26 (5th Cir. 1994) *(per curiam )* (applying *Heck* to a *Bivens* action pursuant to 28 U.S.C. § 1331 where plaintiff had not yet challenged the validity of his confinement. *See Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics,* 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971)).

Because Mr. Parris's convictions have been affirmed on direct appeal, his motion under 28 U.S.C. § 2255 was denied, and he has not demonstrated that his convictions have been declared invalid or otherwise called into question, we conclude the district court properly granted summary judgment for defendants.

The judgment of the district court is, therefore, **AFFIRMED.**