**Antoine ECHOLS Sr., Plaintiff,**

v.

**Michael J. DWYER, Defendant.**

**No. 4:95–CV–2364–CDP.**

United States District Court,
E.D. Missouri,
Eastern Division.

Jan. 30, 1996.

Antoine Echols, Ray Brook, NY, pro se.

Linda Murphy, Clayton, MO, for defendant.

### MEMORANDUM AND ORDER

PERRY, District Judge.

■ This matter is before the Court upon defendant's motion for substitution and the Court's own motion to dismiss the instant complaint for failure to state a claim. *See Smith v. Boyd,* 945 F.2d 1041, 1043 (8th Cir.1991) (district court sua sponte may dismiss a complaint under Federal Rule of Civil Procedure 12(b)(6) as long as the dismissal does not precede service of process).[1]

### Background

Plaintiff, a state prisoner, originally filed this malpractice action in the Circuit Court of the City of St. Louis (Twenty–Second Judicial Circuit) seeking monetary damages against Michael J. Dwyer (an assistant Federal Public Defender). *See Echols v. Dwyer,* No. 952–01972 (22nd Jud.Cir., St. Louis City, Mo.). Subsequently, defendant removed the instant action to this Court pursuant to 28 U.S.C. § 1446. Defendant contends that the United States is the proper party defendant to this action giving this Court jurisdiction under 28 U.S.C. § 1346(b).

### The complaint

Plaintiff states that defendant Dwyer was appointed to represent him in criminal proceedings before this Court. *See United States v. Echols,* No. 4:92–CR–182–ELF (E.D.Mo.), *aff'd,* 2 F.3d 849 (8th Cir.1993)[2]. Plaintiff contends that defendant Dwyer provided him with ineffective assistance of coun-

---

1. The Court will give plaintiff neither notice of nor the opportunity to respond to this dismissal as it is patently obvious that plaintiff cannot prevail on the facts alleged in the complaint. *Id.*

2. A review of plaintiff's criminal file indicates that, after a jury trial, plaintiff was found guilty of distribution of cocaine base and possession of a firearm during the commission of a drug trafficking crime, and sentenced to a term of 168 months in prison. Defendant Dwyer withdrew as plaintiff's attorney prior to sentencing.

sel. Plaintiff specifically alleges that defendant Dwyer: i) failed to conduct an adequate pretrial investigation of a witness and the case itself; ii) failed to interview a "material and exculpatory" eye witness; iii) failed to call several "exculpatory witnesses" to testify at trial; and iv) informed the presiding judge that an individual who was arrested with plaintiff was making incriminating statements and needed an attorney.

### Discussion

**Motion for substitution**

■ Defendant Dwyer asserts that the United States is the proper party defendant to this action and not himself. Title 28 U.S.C. § 2679(d)(2) of the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 2671–2680, provides that:

> [u]pon certification by the Attorney General that the defendant employee was acting within the scope of his office or employment at the time the incident out of which the claim arose, any civil action or proceeding commenced upon such claim in a State court shall be removed without bond at any time before trial … Such action or proceeding shall be deemed to be an action or proceeding brought against the United States … and the United States shall be substituted as the party defendant.

A federal public defender appointed pursuant to 18 U.S.C. § 3006A(g)(2)(A) is an "employee of the government" for purposes of 28 U.S.C. § 2671 and the defender acts within the scope of that employment when representing his clients. *See Sullivan v. United States,* 21 F.3d 198 (7th Cir.), *cert. denied,* —— U.S. ——, 115 S.Ct. 670, 130 L.Ed.2d 604 (1994). On October 31, 1995, the Attorney General of the United States certified that defendant Dwyer was acting within the scope of his office or employment at the time of the alleged incidents out of which this claim arose. Because defendant Dwyer is an "employee of the government" for purposes of the FTCA and the Attorney General has certified that he was acting within the scope of his office or employment, the Court will dismiss defendant Dwyer from this action and substitute the United States as the party defendant.

### Federal Tort Claims Act

The Court notes that plaintiff currently has pending a motion brought pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence in criminal cause No. 4:92–CR–182–ELF. *See Echols v. United States,* No. 4:94–CV–2392–ELF (E.D.Mo.). A review of plaintiff's motion to vacate indicates that it contains grounds for relief that are identical to the allegations of malpractice in the instant action. Although plaintiff's complaint sounds in negligence, he is actually attacking the validity of his federal criminal conviction.

■ At least one Court has held that an action under the FTCA, like an action under 42 U.S.C. § 1983, is not cognizable when it calls into question the validity of a prior conviction. *See Parris v. United States,* 45 F.3d 383 (10th Cir.1995), *applying Heck v. Humphrey,* —— U.S. ——, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994) (holding that to recover damages for an allegedly unconstitutional conviction or imprisonment, a section 1983 plaintiff must prove that the conviction or sentence has been declared invalid or otherwise called into question). The Tenth Circuit concluded that because the FTCA, like § 1983, creates tort liability for government officials, the same common law principles apply to an action under the FTCA. *Parris v. United States,* 45 F.3d at 384. This Court agrees that an action under the FTCA is not cognizable when it calls into question the validity of a prior conviction. Because plaintiff's conviction has been affirmed on direct appeal, and his motion under 28 U.S.C. § 2255 is pending, and he has not demonstrated that his conviction has been declared invalid or otherwise called into question, plaintiff's complaint is not cognizable under the FTCA.[3]

Accordingly,

---

3. The Court notes that even if plaintiff's complaint was cognizable under the FTCA, there is no indication that he has exhausted his administrative remedies. *See* 28 U.S.C. § 2675(a). Section 2675(a) applies even to cases in which the United States is substituted as the party defendant. *See* 28 U.S.C. § 2679(d)(4).

IT IS HEREBY ORDERED that defendant's motion to substitute the United States as the party defendant and dismiss Michael J. Dwyer is **GRANTED.**

IT IS FURTHER ORDERED that the instant complaint is **DISMISSED** for failure to state a claim upon which relief can be granted pursuant to 12(b)(6).