**Filed 12/19/96**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

CLARENCE FERGUSON,

      Plaintiff-Appellant,

and

THADDEUS JONES, LESLIE KEITH
KIMBALL, CLETIS O'QUINN,

      Plaintiffs,

v.

JOAN FINNEY, Governor, State of
Kansas; BILL GRAVES, Current
Governor of Kansas,

      Defendants-Appellees.

No. 95-3379
(D.C. No. 95-3401)
(D. Kan.)

ORDER AND JUDGMENT[*]

Before PORFILIO, ALARCON,[**] and LUCERO, Circuit Judges.

---

[*]     This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[**]     Honorable Arthur L. Alarcon, Senior Circuit Judge, United States Court of Appeals for the Ninth Circuit, sitting by designation.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal.  See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9.  The case is therefore ordered submitted without oral argument.

Plaintiff-appellant Clarence Ferguson, along with three other inmates at the El Dorado Correctional Facility in El Dorado, Kansas, filed a civil rights complaint pursuant to 42 U.S.C § 1983.[1]  In their complaint, plaintiffs alleged that, as minority defendants sentenced before July 1, 1993, they were sentenced under a Kansas sentencing system which discriminated against them due to race.  Plaintiffs sought declaratory relief and damages, stating that they were basing their case on discrimination alone and were not attacking the fact or duration of confinement.  The district court, however, construed their complaint as challenging the constitutionality of their sentences under 28 U.S.C. § 2254 and dismissed the action for failure to exhaust state remedies.

At the time Mr. Ferguson filed this appeal, the right to appeal the district court's denial of habeas corpus relief was predicated on the grant of a certificate of probable cause.  28 U.S.C. § 2253.  On April 24, 1996, Congress enacted the

---

[1]     Mr. Ferguson is the only one of the four plaintiffs originally filing this case who is properly before this court on appeal.

Antiterrorism and Effective Death Penalty Act of 1996 (the Act), Pub.L. No. 104-132, 110 Stat. 1214, which alters the procedures for habeas corpus appeals. Section 102 of the Act requires that a prisoner seeking appeal of the denial of habeas corpus relief obtain a certificate of appealability instead of a certificate of probable cause. Under the Act, "a certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." Id. § 102 ( to be codified at 28 U.S.C. § 2253(c)(2)). Because the standards for obtaining a certificate of appealability are the same as the previous standards for obtaining a certificate of probable cause, we apply the amended statute to pending cases. Lennox v. Evans, 87 F.3d 431, 434 (10th Cir. 1996).

Mr. Ferguson, although seeking damages and declaratory relief under § 1983, essentially challenges the constitutionality of his state court sentence. In its recent decision in Heck v. Humphrey, 114 S. Ct. 2364 (1994), the Supreme Court held that

> in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983.

-3-

Id. at 2372 (footnote omitted); accord Parris v. United States, 45 F.3d 383, 384-85 (10th Cir.), cert. denied, 115 S. Ct. 1984 (1995). Because Mr. Ferguson could not establish that his sentence had been previously invalidated, his complaint would not be cognizable under § 1983. Therefore,we conclude that the district court did not err in construing the complaint as a petition for writ of habeas corpus and dismissing for failure to exhaust state remedies. See 28 U.S.C. § 2254.

Mr. Ferguson, having failed to make the necessary "showing of the denial of a constitutional right," is not entitled to a certificate of appealability.[2] Mr. Ferguson's application for a certificate of appealability is DENIED, and his appeal is DISMISSED. Mr. Ferguson's motion to appoint counsel, "Emergency Act for Injunction," "Supplemental Issue in Order for Mandatory Injunction Fed. R. #65," and "Motion for Summary Judgment" are DENIED.

The mandate shall issue forthwith.

Entered for the Court

John C. Porfilio
Circuit Judge

---

[2] Because of our decision in this case, we need not address whether § 101 of the Act, which establishes a one-year statute of limitations for § 2254 petitions is applicable here.