United States Court of Appeals
**FOR THE EIGHTH CIRCUIT**
No. 97-1466

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | |
| v. | * | Appeal from the United States |
| | * | District Court for the |
| Antoine Echols, | * | Eastern District of Missouri. |
| | * | |
| Appellant. | * | [UNPUBLISHED] |

_____

Submitted: December 2, 1997
Filed:

_____

Before WOLLMAN, MAGILL, and BEAM, Circuit Judges.

_____

PER CURIAM.

Antoine Echols appeals from the district court's[1] order denying his motion for return of administratively-forfeited property ($1,927) pursuant to Federal Rule of Criminal Procedure 41(e). We affirm.

On March 31, 1992, St. Louis County police arrested Echols at his residence after a drug transaction and discovered the money in question in his pocket. The police

---

[1]The Honorable Edward L. Filippine, United States District Judge for the Eastern District of Missouri.

report indicated Echols's home address was 3938 Council Grove in Pine Lawn, Missouri. On April 29, 1992, the Drug Enforcement Administration (DEA) seized the money. As attested by the DEA's forfeiture counsel, on June 8, 1992, the DEA sent written notice of this seizure by certified mail, return receipt requested, to Echols at his Council Grove address, as well as to two other individuals who were deemed to have a potential interest in the money; these other individuals signed for and accepted delivery of their notices. On June 17, June 24, and July 1, 1992, the DEA published notice of the seizure in USA Today. The notices and publications explained the procedures and deadlines by which a claimant could contest an asset forfeiture; the publications indicated the last day to file a claim for the seized funds was July 7, 1992. On July 24, 1992, because the DEA had received no claims to the funds, the $1,927 was administratively forfeited to the United States.

Meanwhile, on July 9, 1992, Echols was charged by suppressed indictment with federal drug and firearm offenses. On July 22, Echols's federal custody commenced when he was arrested by a U.S. Marshal at the St. Louis County Jail; the record of his initial appearance the same day shows he gave his home address as 3938 Council Grove in Pine Lawn, and he was then on probation for a prior conviction in St. Louis City. A jury later found Echols guilty as charged, and we affirmed his sentence, concluding that the district court did not clearly err in finding by a preponderance of the evidence (in calculating drug quantity) that the money in Echols's pocket "derived from drug sales." See United States v. Echols, 2 F.3d 849, 849-50 (8th Cir. 1993) (per curiam).

In June 1995, Echols sought return of the seized property pursuant to Rule 41(e), and later asserted that he had never received notice of the forfeiture. The district court, however, determined that the money had been legally forfeited. On appeal, Echols argues the notice of seizure was not sent to his last known address, the record does not support that the money was related to drug sales, and he received ineffective assistance of counsel at trial and sentencing.

We initially note that, although Echols could not use Rule 41(e) to challenge the results of the completed administrative forfeiture, see In re Harper, 835 F.2d 1273, 1274 (8th Cir. 1988), the district court had jurisdiction to consider Echols's collateral due process attack, see United States v. Woodall, 12 F.3d 791, 793-94 & n.1 (8th Cir. 1993) (district court had jurisdiction to consider claim of inadequate notice of federal administrative forfeiture).  We agree with the court that the notice given here afforded Echols due process.  The evidence shows the DEA sent its June 1992 written notice to the Council Grove address--the address Echols provided to county police upon his March 1992 arrest and to the federal court at his July 22 initial appearance--and published notice of the forfeiture action as required by statute, and Echols was not taken into federal custody or subjected to federal prosecution until after the deadline for contesting the forfeiture.  Furthermore, Echols has neither shown that the DEA should have known he was not residing at the Council Grove address, nor indicated where he was in fact residing during the notification period.  See 19 U.S.C. §§ 1607-1609 (notice and administrative forfeiture procedural requirements); 21 C.F.R. § 1316.75-77 (1996) (same); Madewell v. Downs, 68 F.3d 1030, 1047 (8th Cir. 1995) (adequate notice where plaintiff was not in federal custody or being prosecuted for federal offenses, and DEA sent forfeiture notice to address plaintiff gave at time of arrest and property seizure; any confusion about plaintiff's actual residence was result of his own conduct and not result of willful failure to send notice to address DEA knew or should have known); cf. Woodall, 12 F.3d at 794-95 (inadequate notice where notice was sent to claimant during pendency of his federal criminal prosecution, district court had ordered his release on bond to different residence known to government, and no notice was mailed to either his correct address or his attorney; where government is incarcerating or prosecuting property owner and it elects to pursue forfeiture in separate proceeding, fundamental fairness requires that defendant or his counsel receive actual notice of forfeiture).

As for Echols's other arguments, we decided in his direct criminal appeal the district court did not clearly err in finding that the money derived from drug sales, and

we have previously refused to review the denial of Echols's 28 U.S.C. § 2255 motion asserting ineffective assistance.

Accordingly, we affirm the judgment of the district court.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.