**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAR 31 2000**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

IBRAHIM AHMED DALIS,

      Plaintiff-Appellant,

v.

UNITED STATES OF AMERICA,

      Defendant-Appellee.

No. 99-1248
(D.C. No. 94-WM-1900)
(D. Colo.)

---

**ORDER AND JUDGMENT** [*]

---

Before **TACHA** , **ANDERSON** , and **LUCERO** , Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Plaintiff Ibrahim Ahmed Dalis appeals from an order of the district court dismissing this case for lack of jurisdiction. We affirm, although on different

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

grounds than those set forth by the district court. See United States v. Sandoval,
29 F.3d 537, 542 n.6 (10th Cir. 1994).

Mr. Dalis, "a Palestinian resident of the Occupied Territories of Israel," appellant's br. at 1, was ordered deported in 1989 while serving a criminal sentence in an Ohio state correctional facility. Upon his release from that facility in 1990, the Immigration and Naturalization Service (INS) obtained custody of him and detained him in Colorado pending deportation. However, the Israeli Consulate denied him entry into Israel and, apparently, Mr. Dalis cannot be deported to any other country. Therefore, the INS continued to detain Mr. Dalis. In late 1990, Mr. Dalis filed a habeas petition pursuant to 28 U.S.C. § 2241 alleging that his detention was unlawful as it had exceeded six months in violation of then 8 U.S.C. § 1252(c). [1] The district court granted Mr. Dalis's petition, see Dalis v. Brady, 766 F. Supp. 901, 902 (D. Colo. 1991), and he was released in June 1991, after almost one year of detention.

Mr. Dalis thereafter commenced this action. He raised claims of false imprisonment, abuse of process, and violation of due process under the Federal

---

[1] The Immigration and Nationality Act (INA) was revised by the Illegal Immigration Reform and Immigrant Responsibility Act (IIRIRA), see Pub. L. No. 104-208, 110 Stat. 3009, 3009-546 (1996), and no longer contains a six month restriction on detention. See, e.g., Ho v. Greene, 204 F.3d 1045, ____ (10th Cir. 2000) (holding that under IIRIRA, removable aliens may be indefinitely detained); 8 U.S.C. §§ 1537(b(2)(C); 1231(a)(6).

Tort Claims Act (FTCA) and Bivens v Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971). The district court dismissed the FTCA claim for lack of jurisdiction citing IIRIRA, 8 U.S.C. § 1252(g). The court declined to recognize Mr. Dalis's Bivens claim holding that the INA provided a comprehensive and exclusive remedy via the habeas action.

On appeal, the government concedes that Mr. Dalis's FTCA claim should not have been dismissed for lack of jurisdiction in light of Reno v. American-Arab Anti-Discrimination Committee, 525 U.S. 471, 482-83 (1999). We agree. The government maintains that, nonetheless, none of Mr. Dalis's claims can be heard because they are untimely. Mr. Dalis contends that his claims were timely under the guidelines set forth in Heck v. Humphrey, 512 U.S. 477 (1994).

> [I]n order to recover damages for [an] allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus. . . . A claim for damages bearing that relationship to a conviction or sentence that has *not* been so invalidated is not cognizable . . . .

Id. at 486-87 (footnote omitted).

Title 28 of the United States Code, section 2401(b) provides that "[a] tort claim against the United States shall be forever barred unless it is presented in

writing to the appropriate Federal agency within two years after such claim accrues. . . ." Heck applies to actions brought under the FTCA. See Parris v. United States , 45 F.3d 383, 384-85 (10th Cir. 1995). Therefore, Mr. Dalis's claim accrued when the district court entered its decision. See Dalis , 766 F. Supp. at 901 (giving date of decision as June 4, 1991). Mr. Dalis had to have filed his administrative claim by June 3, 1993.

Mr. Dalis submitted an affidavit to the district court in which a courier for a local law firm attested that he delivered an administrative claim to the INS on June 4, 1993. [2] See R. Tab 16, Ex. B. Mr. Dalis's administrative claim was untimely and no FTCA action could be brought in district court. [3]

Bivens actions are subject to the statute of limitations found in the general personal injury statute of the state in which the action arose. See Industrial Constructors Corp. v. United States Bureau of Reclamation , 15 F.3d 963, 968 (10th Cir. 1994). Colorado provides for a two-year statute of limitations for such actions. See Colo. Rev. Stat. § 13-80-102; Blake v. Dickason , 997 F.2d 749, 750-51 (10th Cir. 1993) (applying § 13-80-102 to § 1983 claim).

---

[2] Mr. Dalis states in his reply brief on appeal that he filed the administrative claim June 3, 1993. We accept the sworn assertion in the affidavit over Mr. Dalis's self-serving, unsupported statement in his brief.

[3] The government asserts that it has no record that any administrative claim was filed. Since we have determined that any administrative claim was untimely, no remand to the district court is necessary to resolve this factual dispute.

"Heck applies to Bivens actions." Crow v. Penry, 102 F.3d 1086, 1087 (10th Cir. 1996). Therefore, Mr. Dalis had to commence this action by June 3, 1993. As the complaint was filed August 15, 1994,[4] it was untimely and could not be heard.

The judgment of the United States District Court for the District of Colorado is AFFIRMED. The mandate shall issue forthwith.

Entered for the Court

Deanell Reece Tacha
Circuit Judge

---

[4] Mr. Dalis states that he filed his district court action June 3, 1993. The docket sheet shows that the case was filed August 15, 1994. Mr. Dalis does not explain the discrepancy and we accept August 15, 1994, as the filing date.