**Kenneth A. HINTON, Plaintiff–Appellant,**

v.

**UNITED STATES of America, Defendant–Appellee.**

No. 03–4146.

United States Court of Appeals, Sixth Circuit.

March 17, 2004.

Kenneth A. Hinton, Washington, DC, pro se.

Steven J. Paffilas, U.S. Attorney's Office, Cleveland, OH, for Defendant–Appellee.

Before: ROGERS and COOK, Circuit Judges; and SCHWARZER, District Judge.*

## ORDER

Kenneth A. Hinton appeals a district court grant of summary judgment for de-fendant in this civil action filed under the Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 2671–80. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Hinton filed his complaint in the district court alleging that federal prison officials at the Federal Correctional Institution at Elkton, Ohio, deprived him of legal documents and accused and convicted him in prison disciplinary proceedings on charges of forging or counterfeiting a notary public's seal on the documents while he was incarcerated at Elkton as a District of Columbia prisoner in 2001. Hinton sought return of the documents and $4,000,000. Thereafter, Hinton filed a motion for the appointment of counsel, which the district court denied. Defendant moved to dismiss the complaint or for summary judgment, and Hinton responded in opposition. The district court granted defendant's motion for summary judgment and entered judgment accordingly. Hinton filed a timely notice of appeal.

On appeal, Hinton contends that the district court abused its discretion in granting summary judgment for defendant and in denying him counsel. The government responds that the district court's grant of summary judgment was proper, and that the district court did not err when it denied Hinton counsel. Upon de novo review, *see Brooks v. Am. Broad. Cos.*, 932 F.2d 495, 500 (6th Cir.1991), we affirm the judgment essentially for the reasons stated by the district court in its order and opinion dated August 19, 2003.

Courts have concluded that prison officials may be liable to federal prisoners

---

* The Honorable William W. Schwarzer, United States District Judge for the Northern District of California, sitting by designation.

under the FTCA for lost property under appropriate circumstances. *See Sellers v. United States,* 902 F.2d 598, 601 (7th Cir. 1990); *Melvin v. United States,* 963 F.Supp. 1052, 1056 (D.Kan.1997). However, the Supreme Court has held that plaintiff's claim is not cognizable in a civil rights action insofar as a ruling in plaintiff's favor in a civil rights action would necessarily implicate the continued validity of his prison disciplinary conviction. *See Edwards v. Balisok,* 520 U.S. 641, 648, 117 S.Ct. 1584, 137 L.Ed.2d 906 (1997); *Heck v. Humphrey,* 512 U.S. 477, 486–87, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994). Similarly, plaintiff's claims are not cognizable under the FTCA insofar as a ruling in plaintiff's favor would imply the invalidity of plaintiff's disciplinary conviction. *See Parris v. United States,* 45 F.3d 383, 385 (10th Cir. 1995).

Here, plaintiff seeks return of the documents for which he stands convicted of forging or counterfeiting, and money damages for the allegedly tortious confiscation of the documents. Clearly, an adjudication in plaintiff's favor would implicate the continued validity of his prison disciplinary conviction. Under these circumstances, the district court properly granted summary judgment for defendant. Further, the district court did not abuse its discretion in denying plaintiff's motion for the appointment of counsel under the circumstances of this case. *See Lavado v. Keohane,* 992 F.2d 601, 604–05 (6th Cir.1993).

For the foregoing reasons, the district court's judgment is affirmed. *See* Rule 34(j)(2)(C), Rules of the Sixth Circuit.