**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**June 16, 2026**

**Christopher M. Wolpert**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

_____

RANDY ALAN HAMETT,

    Plaintiff - Appellant,

v.

CITY OF BROKEN ARROW,

    Defendant - Appellee.

No. 25-5165
(D.C. No. 4:25-CV-00324-GKF-JFJ)
(N.D. Okla.)

_____

**ORDER AND JUDGMENT\***
_____

Before **TYMKOVICH**, **PHILLIPS**, and **FEDERICO**, Circuit Judges.
_____

Randy Alan Hamett appeals pro se from the district court's dismissal of his complaint without prejudice under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim. Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

---

\* This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Federal Rule of Appellate Procedure 32.1 and Tenth Circuit Rule 32.1.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. _See_ Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

In June 2025, Hamett filed this pro se action in the U.S. District Court for the Northern District of Oklahoma. Along with his complaint, Hamett submitted a motion for leave to file in forma pauperis. In October, he amended the complaint. Because Hamett sought leave to file in forma pauperis, the district court screened the Amended Complaint for frivolousness, failure to state a valid claim, and immunity. *See* 28 U.S.C. § 1915A(a)–(b); *see also, e.g.*, *Lamb v. Norwood*, 899 F.3d 1159, 1163 (10th Cir. 2018).

In its screening order, the district court held that Hamett qualified to proceed without prepayment of filing and administrative fees that would otherwise be required to commence a federal action. *See* 28 U.S.C. § 1915(a). The court further held that Hamett's action was barred by *Heck v. Humphrey*, and thus the Amended Complaint failed to state a valid claim. *See* 512 U.S. 477 (1994). The district court dismissed the operative complaint without prejudice and without further leave to amend. Hamett then appealed to this court.

We review de novo the dismissal of a complaint for failure to state a claim, accepting all well-pleaded factual allegations as true and construing them in the light most favorable to Hamett. *Requena v. Roberts*, 893 F.3d 1195, 1204–05 (10th Cir. 2018). In addition to the allegations within the four corners of the complaint, we – like the district court – may consider

matters subject to judicial notice. *Clinton v. Sec. Benefit Life Ins. Co.*, 63 F.4th 1264, 1275 (10th Cir. 2023). Where a plaintiff appears pro se, we construe his pleadings liberally. *Childs v. Miller*, 713 F.3d 1262, 1264 (10th Cir. 2013) (citing *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam)). We will affirm the dismissal of a complaint for failure to state a claim where the plaintiff has failed to "nudge his claims across the line from conceivable to plausible." *Requena*, 893 F.3d at 1205 (quoting *Khalik v. United Air Lines*, 671 F.3d 1188, 1190 (10th Cir. 2012)). That standard is met here.

We begin by looking at the face of the operative complaint. Hamett alleged that he was subject to malicious prosecution in violation of the Fourth Amendment. He named as Defendant the City of Broken Arrow, Oklahoma, and brought claims under 42 U.S.C. § 1983 and *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). In support of these claims, Hamett alleges that he is "a native american" and that police officers for the City "filed a protection order [against him] without jurisdiction on tribal land." R. at 13. After he was arrested for purportedly violating the order, he alleges, officers spoliated exculpatory evidence. Ultimately, he was tried in federal court on criminal charges not identified in the Amended Complaint.

The district court filled this gap in the pleadings through judicial notice. *See* Fed. R. Evid. 201. We will do the same. Because Hamett directly

appealed his criminal case to this court, we are aware that the protective order referenced in the operative complaint was predicate to his 2019 conviction by jury for possession of firearms and ammunition while subject to a domestic violence protective order, 18 U.S.C. §§ 922(g)(8), 924(a)(2). *See United States v. Hamett*, 961 F.3d 1249, 1252 (10th Cir. 2020). During that trial, Hamett requested to represent himself, and the district court granted his request. *Id.* at 1253–54. The jury convicted him on all three counts that he faced, which included the aforementioned gun charge as well as a kidnapping charge. *Id.* at 1252, 1254. On appeal, we determined that the record did not reflect that Hamett had knowingly and intelligently waived his right to counsel. *Id.* at 1263. Thus, we reversed the convictions and remanded for a new trial. *Id.*

Shortly thereafter, the Supreme Court issued *McGirt v. Oklahoma*, which held that the Muscogee (Creek) Nation Reservation had not been disestablished. 591 U.S. 894 (2020). As a result, certain of Hamett's conduct that previously could not have been charged federally now fell under federal jurisdiction. *United States v. Hamett*, No. 21-5063, 2022 WL 1789162, at *1. (10th Cir. June 2, 2022) (unpublished).[1] The government then obtained a superseding indictment, where the grand jury returned twelve counts,

---

[1] We cite here the unpublished decisions from Hamett's federal criminal case solely for procedural background, not as legal authority.

including the same gun and kidnapping counts previously tried as well as counts related to the newly chargeable conduct. *Id.* At trial, a petit jury found Hamett guilty of all twelve counts, and the district court sentenced him to 396 months' imprisonment. *Id.* at \*2. Hamett appealed his sentence, and we affirmed. *Id.* at \*3. Hamett then returned to the district court and filed a motion to vacate under 28 U.S.C. § 2255, arguing, in part, that the district court lacked subject-matter jurisdiction over his case. *United States v. Hamett*, No. 24-5017, 2024 WL 3084971, at \*1 & n.2 (10th Cir. June 21, 2024) (unpublished). The district court dismissed his motion as untimely. *Id.* at \*1. We declined to grant a certificate of appealability and denied his motion to appeal in forma pauperis. *Id.* at \*2.

This extensive procedural history is most relevant for what it lacks. There has been no "termination of the prior criminal proceeding in favor of the accused." *Heck*, 512 U.S. at 484. Furthermore, here, Hamett alleges that officers committed spoliation of exculpatory evidence, and that the protective order against him was issued without subject-matter jurisdiction. He also alleges that the spoliated evidence would have shown his "innocence from testimony" of the kidnapping victim, and that the purportedly "void" protective order was predicate to the federal gun conviction and that this "taints all the other charges." R. at 13–14. In other

words, a judgment in his favor here "would necessarily imply the invalidity of his conviction or sentence." *Heck*, 512 U.S. at 487.

That is a problem for Hamett's suit. Under *Heck* and its progeny, we follow the general rule that:

> In order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus[.]

*Parris v. United States*, 45 F.3d 383, 384 (10th Cir. 1995) (alteration adopted) (quoting *Heck*, 512 U.S. at 486–87).

Although this doctrine was first applied in the case of a state-court prisoner who brought civil claims that would undermine his state criminal conviction, we have not so cabined it. Indeed, we apply the *Heck* bar against federal prisoners whether their civil cause of action arises under *Bivens*, § 1983, or some other statute. *See Crow v. Penry*, 102 F.3d 1086, 1087 (10th Cir. 1996); *Parris*, 45 F.3d at 384–85. The bottom line is this: if "a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence" then "the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." *Heck*, 512 U.S. at 487. But neither Hamett's conviction nor

6

sentence has been invalidated. And because his Amended Complaint shows that "he is actually seeking further review of the basis for his conviction," it is barred by the *Heck* doctrine. *Parris*, 45 F.3d at 384. The district court was correct as a matter of law to dismiss the Amended Complaint on that basis.

Hamett also moved to proceed in forma pauperis on appeal. We grant such motions only where the appellant has presented both a "financial inability to pay the required fees" and "a reasoned, nonfrivolous argument on the law and facts in support of the issues raised on appeal." *McIntosh v. U.S. Parole Comm'n*, 115 F.3d 809, 812 (10th Cir. 1997) (quotation omitted). We will deem an appeal frivolous where it lacks even an "arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

Our review of Hamett's affidavit and supporting documents suffices to demonstrate his inability to pay the required fees. But we conclude his appeal is frivolous. The district court dismissed Hamett's complaint in a reasoned opinion that identified *Heck* as a bar to Hamett's malicious prosecution action. Despite this, Hamett's appeal to this court did not reference the *Heck* bar or present any "arguable basis in law" by which he might surmount it. *Neitzke*, 490 U.S. at 325. Because Hamett has failed to raise a nonfrivolous argument, we deny his motion to appeal in forma pauperis.

7

Federal law provides that:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

In other words, an incarcerated litigant can afford only "three strikes" before they will be categorically denied in forma pauperis status except for where they are at imminent risk of serious physical injury. *Coleman v. Tollefson*, 575 U.S. 532, 534 (2015). Hamett already earned his first strike in a prior proceeding. *See* 2024 WL 3084971, at *2. This case represents his second. "We caution [him] to consider his suits going forward to avoid accumulating that third strike." *Payton v. Ballinger*, 831 F. App'x 898, 902 (10th Cir. 2020).

We DENY Hamett's motion to appeal in forma pauperis, assess a strike under § 1915(g), and DISMISS the appeal. The full filing fee is due immediately.

Entered for the Court

Richard E.N. Federico
Circuit Judge

8