Lawrence **WILSON**, Plaintiff–Appellant,

v.

**UNITED STATES of America,**
**Defendant–Appellee.**

**No. 652, Docket 91–2391.**

United States Court of Appeals,
Second Circuit.

Argued Jan. 10, 1992.
Decided March 17, 1992.

---

Lawrence D. Wilson, pro se.

Sarah H. Thomas, Sp. Asst. U.S. Atty., New York City (Otto G. Obermaier, U.S. Atty., S.D.N.Y., Thomas A. Zaccaro, Asst. U.S. Atty.), for defendant-appellee.

Before PRATT and MINER, Circuit Judges.*

PER CURIAM:

Plaintiff-appellant Lawrence Wilson appeals from a summary judgment entered in the United States District Court for the Southern District of New York (Sprizzo, J.) dismissing his claim under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b), 2671 *et seq.*, for the allegedly tortious conduct of government employees in relation to the supervision and revocation of his parole. Wilson claims that various persons charged with supervising his parole acted in a fashion that caused him to close his business and suffer mental stress. He also alleges that revocation of his parole was initiated to harass him because parole officers disapproved of his business dealings. Wilson states that the proceedings leading up to and resulting in the revocation of his parole constituted abuse of process, malicious prosecution, and false imprisonment.

The district court granted the government's motion for summary judgment on the grounds that two exceptions to the FTCA waiver of sovereign immunity barred the claims. First, the district court held that the alleged torts involving the supervision and revocation of parole were barred by the discretionary function exception to the FTCA, 28 U.S.C. § 2680(a). Second, the court found that the remaining claims for false imprisonment, abuse of process, and malicious prosecution fell within the intentional tort exception to the FTCA, *id.* at § 2680(h). Wilson now challenges part of the ruling, contending that the intentional tort exception does not apply because the actions involved law enforcement personnel. According to the statute, the intentional tort exception does not apply to the conduct of law enforcement personnel. For the reasons set forth below, we affirm the judgment of the district court dismissing the complaint.

## BACKGROUND

Wilson was convicted in 1980 of interstate transportation of stolen money and mail fraud. The district court sentenced him to imprisonment for a term of nine years. In May 1982, the United States Parole Commission ("USPC" or the "Commission") released Wilson on parole in a "close supervision" category. Parole Officer Victor Zaccheo was assigned to monitor Wilson's release, a task that included regular visits to Wilson's place of employment. Wilson and Zaccheo experienced personality difficulties from the beginning, leading to oversight of their relationship by Zac-

---

* Judge Kaufman, originally a member of the panel, died on February 1, 1992. The appeal is being decided by the remaining members of the panel pursuant to Local Rule § 0.14(b).

cheo's supervisor. The friction between Wilson and Zaccheo apparently continued, with Zaccheo accusing Wilson of deriving income from illegal activity. Wilson alleges that in the course of Zaccheo's supervisory visits, Zaccheo often informed Wilson's clients of Wilson's parolee status with the purpose of embarrassing Wilson. Wilson further claims that Zaccheo acted in a discourteous manner towards Wilson and Wilson's clients, causing Wilson emotional distress and loss of business.

In August 1983, Zaccheo and several other parole officers requested an FBI and grand jury investigation of Wilson for fraud, making false statements to a government agency, and filing false monthly supervision reports. The investigation found no wrongdoing on the part of Wilson. Nonetheless, Zaccheo recommended extending Wilson's parole term.

Stephen Rackmill replaced Zaccheo in May 1985 as Wilson's parole officer. Rackmill demanded that Wilson immediately cease employment as a financial consultant, but Wilson refused. Rackmill attempted to have the USPC modify the terms of Wilson's parole to bar certain business activities. The Commission did not modify Wilson's parole, but did require Wilson to produce any financial records requested by Rackmill. Wilson alleges that Rackmill also continued the harassment begun by Zaccheo, and thereby caused Wilson to close his business. Wilson then sought a transfer of his parole supervision to Philadelphia, Pennsylvania, where he proposed to reside. The Regional Commissioner denied the request.

Afterwards, in January 1986, the USPC, pursuant to Rackmill's suggestion, issued an arrest warrant for Wilson for violating the terms of his parole. After Wilson's arrest, a panel of the Parole Commission held a revocation hearing, resulting in Wilson's reincarceration. Wilson successfully petitioned for habeas corpus in Texas, where he was then confined, and a new hearing was ordered before a "neutral and detached" Parole Commission hearing officer. The second hearing also resulted in Wilson's incarceration, and he again peti-tioned for habeas relief. Before the petition could be acted on, Wilson was released from custody. The district court therefore dismissed the petition as moot, but granted Wilson permission to file a second amended complaint to assert the FTCA claims at issue here. The government moved for summary judgment after taking Wilson's deposition. The motion was granted. Wilson timely appealed.

## DISCUSSION

On appeal, Wilson does not dispute the district court's dismissal, based on the discretionary function exception to the FTCA, of the causes of action relating to the supervision and revocation of his parole. He claims, however, that the district court erred in finding that the intentional tort exception barred the claims for false imprisonment, abuse of process, and malicious prosecution. Consequently, we address only that issue.

The government is entitled to invoke sovereign immunity with respect to claims asserted against the United States. *Lehman v. Nakshian*, 453 U.S. 156, 160, 101 S.Ct. 2698, 2701, 69 L.Ed.2d 548 (1981); *Akutowicz v. United States*, 859 F.2d 1122, 1125 (2d Cir.1988). Congress has chosen to waive immunity as to certain claims against the United States by creating the FTCA. 28 U.S.C. §§ 1346(b), 2671 *et seq.; see Lambertson v. United States*, 528 F.2d 441, 443 (2d Cir.), *cert. denied*, 426 U.S. 921, 96 S.Ct. 2627, 49 L.Ed.2d 374 (1976). The waiver is not absolute. Rather, the FTCA specifically defines the limited causes of action that may be maintained against the federal government. A list of exceptions further narrows the availability of claims that may be asserted against the United States. 28 U.S.C. § 2680. Section 2680(h), commonly known as the intentional tort exception, bars all claims "arising out of assault, battery, *false imprisonment,* false arrest, *malicious prosecution, abuse of process,* libel, slander, misrepresentation, deceit, or interference with contract rights." *Id.* at § 2680(h) (emphasis added). By its terms, however, the exception does not apply to the "acts or omissions of in-

vestigative or law enforcement officers," so that the federal government remains liable for the intentional torts of those officers. *Id.* The statute defines "investigative or law enforcement officer[ ] [as] any officer of the United States who is empowered by law to execute searches, to seize evidence, or to make arrests for violations of Federal law." *Id.*

■ The district court, relying on the statute authorizing the parole process, found that parole officers lack any of the powers belonging to investigative or law enforcement personnel. Wilson disputes this finding, asserting first that parole officers have the power to make arrests and seize evidence, and second that because persons serving as parole officers also serve as probation officers, they have the probation officers' power to make arrests, regardless of the function they are performing. We reject both contentions.

Federal law and regulations do not vest parole officers with the power to make arrests. 18 U.S.C. § 4213; 28 C.F.R. § 2.46. Parole officers seeking to arrest parolees may only recommend that the USPC issue an arrest warrant. Even if the warrant issues, the statute does not confer upon parole officers the authority to execute it. That function is reserved to "officer[s] of any Federal penal or correctional institution, or any Federal officer authorized to serve criminal process within the United States." 18 U.S.C. § 4213(d). Thus, parole officers lack arrest powers that would qualify them as investigative or law enforcement officers under the FTCA.

When observing contraband in plain view during a regular supervisory visit, a parole officer may seize evidence only with the parolee's consent. *See* 28 C.F.R. § 2.40(a)(12); Parole Commission Procedures Manual at 113, para. 2.40–14(a), (b). Because the power to seize evidence depends on the consent of the person from whom the evidence is to be taken, however, parole officers lack the seizure power contemplated by section 2680(h), and thus cannot be considered law enforcement personnel.

■ Wilson argues that the regulations of the USPC do not properly interpret the statutory powers given parole officers. Where an agency interprets a statute within the agent's area of expertise, however, courts will defer to that reading if it is "sufficiently reasonable." *Detsel v. Sullivan,* 895 F.2d 58, 62 (2d Cir.1990) (citing *Chevron, U.S.A., Inc. v. Natural Resources Defense Council, Inc.,* 467 U.S. 837, 844–45, 104 S.Ct. 2778, 2782–83, 81 L.Ed.2d 694 (1984)). As the USPC authorizing statute does not vest parole officers with any of the law enforcement powers identified in section 2680(h), much less the power to seize evidence, the district court properly deferred to the agency interpretation that Congress did not intend to grant such powers to parole officers.

■ Wilson's final argument rests on the premise that a probation officer acting as a parole officer simultaneously may exercise the powers of a probation officer. Since the repeal of the parole statutes, Pub.L. No. 98–473, 98 Stat. 2027, 2031 (Oct. 12, 1984), the USPC supervises inmates convicted before repeal by enlisting probation officers to perform the functions of parole officers. *See* 18 U.S.C. § 4203(b)(4); *see also* 18 U.S.C. §§ 3602, 3655. Thus, some probation officers wear two hats, sometimes acting as parole officers, other times as probation officers, depending on who is being supervised. By statute, probation officers have the power to arrest "[i]f there is probable cause to believe that [the] probationer . . . violated a condition of his probation." 18 U.S.C. § 3606; *see also* 18 U.S.C. § 3653. Wilson contends that because all parole officers are probation officers and probation officers have the power to make arrests, parole officers are law enforcement officers for the purposes of the FTCA exception. This argument is unavailing.

Although the powers of the two offices rest in one person, they nonetheless remain distinct. Two separate statutory regimes govern each set of functions. *Compare* 18 U.S.C. §§ 3601 *et seq.* (probation) *with* 18 U.S.C. §§ 4201 *et seq.* (parole). When a probation officer supervises someone re-

**16**

leased on probation, the statutory framework for parole is in no way implicated. 18 U.S.C. §§ 3601 *et seq.* Similarly, when supervising parolees, probation officers may not invoke the probation statutes as authority for their actions. 18 U.S.C. §§ 4201 *et seq.* The different statutory schemes necessarily limit the actions the officer may take. Therefore, while the same person may be authorized to perform both functions, the officer is constrained by the statutes to differentiate between those powers, depending on the function being performed. No statute permits probation officers acting as parole officers to arrest parolees, so the probation officer's power to arrest does not exist when the officer acts as a parole officer. Thus, probation officers serving as parole officers cannot be considered investigative or law enforcement officers for purposes of the FTCA.

### CONCLUSION

The district court's grant of summary judgment dismissing plaintiff's complaint is affirmed.