# UNITED STATES COURT OF APPEALS
## Tenth Circuit
## Byron White United States Courthouse
## 1823 Stout Street
## Denver, Colorado 80294
## (303) 844-3157

Patrick J.  Fisher, Jr.                                                    Elisabeth A. Shumaker
Clerk                                                                      Chief Deputy Clerk

January 15, 1997


**TO:**   All recipients of the captioned opinion

**RE:**   No. 95-1216, *Crow v. Penry*
December 17, 1996


Please be advised of the following correction to the captioned decision:

In the second line from the top of page 2 of the opinion, the cite "28 U.S.C.A. § 7401 et seq." is incorrect.  The correct cite is:  28 U.S.T. 7399 et seq.

Please make the appropriate correction.

Very truly yours,

Patrick Fisher, Clerk


Susie Tidwell
Deputy Clerk

PUBLISH

UNITED STATES COURT OF APPEALS

**Filed 12/17/96**

TENTH CIRCUIT


SCOTT R. CROW, )
)
    Plaintiff-Appellant, )
)
v. ) No. 95-1216
)
)
DANIEL W. PENRY, et al., )
)
    Defendants-Appellees. )
)
)

Appeal from the United States District Court
for the District of Colorado
(D.C. No. 94-CB-504)

_____

Ross B.H. Buchanan of Buchanan, Jurdem & Zulauf, Denver, Colorado, for Plaintiff-Appellant.

Kathleen L. Torres, Assistant U.S. Attorney, Denver, Colorado, (Henry L. Solano, United States Attorney, and William G. Pharo, Assistant U.S. Attorney, Denver, Colorado, with her on the brief), for Defendants-Appellees.

_____


Before TACHA, Circuit Judge, GODBOLD,* and HOLLOWAY, Senior Circuit Judges.

_____

---

    * The Honorable John C. Godbold, Senior U.S. Circuit Judge for the Eleventh Circuit, sitting by designation.

PER CURIAM:

Appellant Crow was convicted in Mexico of a drug violation. Pursuant to a treaty with Mexico concerning transfer of prisoners, see 28 U.S.T. 7399 et seq., he was transferred to a federal institution in the United States to serve the remainder of his sentence. Later he was released on parole and signed a form describing as a condition of parole that he agreed not to possess firearms. Subsequently, his parole was revoked because he was found to be in possession of firearms, and he was returned to federal custody.

Crow brought this suit against his probation officer, the Probation Department of the District Court, and the United States Parole Commission. He contended that there had been violation of his constitutional rights against unreasonable searches or seizures and due process of law. He sought damages for his arrest as a parole violator and his subsequent incarceration, the revocation of his parole and the ensuing additional period of incarceration. He asserted a § 1983 Bivens claim and a pendant state claim for common law abuse of process. He alleged that his probation officer (and a predecessor officer) had failed to advise him, or had misadvised him, concerning whether, as a person convicted of felony in Mexico, he was forbidden to possess firearms. He contended that the defendants had made false statements in connection with his parole violation warrant and a search warrant of his premises that had turned up weapons.

In a motion to dismiss hearing counsel for Crow indicated his intention to file an amended complaint under the Federal Tort Claims Act to substitute for the pendant state

2

claim. No amendment was ever filed. The district court dismissed the claim against the Probation Department and Parole Commission and the claim against the probation officer in his official capacity on sovereign immunity grounds.

The pendant state claim for abuse of process was held to be barred by sovereign immunity, which has not been waived by 28 U.S.C.A. § 2679(B)(1), because a probation officer is not a law enforcement officer within that section. Wilson v. U. S., 959 F.2d 12 (2d Cir. 1992). Although no federal tort claim had been filed, the court noted that Crow had not timely exhausted his administrative remedies as required for such a claim by 28 U.S.C.A. § 2675.

Some four months after the district court entered its order dismissing the complaint, Crow filed a motion for leave to file an amended complaint. The court dismissed it as untimely and unjustified. Crow seeks to appeal from the order dismissing his complaint and the order denying his motion for leave to file an amended complaint.

Crow's appeal fails for many reasons. His § 1983 claim is barred by Heck v. Humphrey, 512 U.S. 477, 114 S.Ct. 2364 (1994), which held that to recover damages for an unconstitutional conviction or imprisonment a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by an authorized state tribunal, or called into question by a federal court's issuance of a writ of habeas corpus. Heck applies to Bivens actions. Stephenson v. Reno, 28 F.3d 26 (5th Cir.

3

1994). It applies to proceedings that call into question the fact or duration of parole or probation. Jackson v. Vannoy, 49 F.3d 175 (5th Cir.), cert. denied, 116 S.Ct. 148 (1995).

Crow's claim necessarily implies the invalidity of his parole revocation. He alleges that the probation officer and others conspired to have the search and arrest warrants issued and that the probation officer falsely testified at his probation revocation hearing. The civil claim for damages amounts to a collateral attack on his parole revocation and subsequent incarceration. Heck does not permit this.

With respect to Crow's arguments concerning the Federal Tort Claims Act the court did not err in denying his untimely motion for leave to file an amended complaint to reframe his complaint to allege a claim under that Act. The amendment was never filed, so there is not before us for review the comment by the district court in its motion to dismiss order that Crow had failed to exhaust the administrative remedies required as a prerequisite to suit under the Act.

There is no merit to other contentions by the plaintiff.

The decision of the district court is AFFIRMED.