**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**FEB 18 1999**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

JAMES R. KILGORE,

     Plaintiff-Appellant,

v.

DONICE NEAL, Warden; CATHIE
HOLST, Legal Supervisor; MIKE
VETRANO, Legal Assist; and SAUL
TRUJILLO, Chairman Parole Board,

     Defendants-Appellees.

No. 98-1352

(D.C. No. 98-D-1371)

(D. Colo.)

ORDER AND JUDGMENT[*]

Before **TACHA**, **McKAY**, and **MURPHY**, Circuit Judges.

After examining Plaintiff-Appellant's briefs and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Proceeding pro se, Plaintiff appeals the district court's dismissal of his civil rights action filed pursuant to 42 U.S.C. § 1983. Plaintiff claimed that several of

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

his constitutional rights were violated: He was denied parole for exercising his First Amendment rights; he was denied due process and equal protection at a parole hearing; and he has been denied access to the courts, which he claims also violated his rights of equal protection and due process. The district court dismissed Plaintiff's claim of right of access to the courts as legally frivolous under 28 U.S.C. § 1915(e)(2)(B). Additionally, the court dismissed without prejudice Plaintiff's claim that he was unconstitutionally denied parole because it is not cognizable under section 1983 pursuant to Heck v. Humphrey, 512 U.S. 477, 486-87 (1994), and Crow v. Penry, 102 F.3d 1086, 1087 (10th Cir. 1996).

After reviewing Plaintiff's briefs and the record, we conclude that the district court did not err in determining that Plaintiff failed to state a claim under section 1983. The court properly dismissed Plaintiff's claim of access to the courts and properly dismissed without prejudice his denial of parole claims. Accordingly, we affirm the decisions of the district court for substantially the same reasons stated in the court's Order filed August 28, 1998.

**AFFIRMED**.

Entered for the Court


Monroe G. McKay
Circuit Judge