**F I L E D**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**
————————————————

CARL JOE SAIZ,

     Plaintiff-Appellant,

v.

RANDY HENDERSON; LARRY E.
TRUJILLO, SR.,

     Defendants-Appellees.

No. 99-1214
(D. Colo.)
(D.Ct. No. 99-Z-240)

————————————————————

**ORDER AND JUDGMENT**[*]

————————————————

Before **BRORBY**, **EBEL**, and **LUCERO**, Circuit Judges.

————————————————

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

---

[*] This order and judgment is not binding precedent except under the doctrines of law of the case, *res judicata* and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Appellant Carl Joe Saiz, previously a state prisoner, appeals *pro se* the district court's decision dismissing his 42 U.S.C. § 1983 action against the assistant warden of the correctional center where he was incarcerated and the chairman of the Colorado Board of Parole. Mr. Saiz does not contest the validity of his sentence, but contends defendants violated his constitutional rights by requiring him to serve a thirty-month sentence when he initially bargained for only a sixteen-month sentence.

We review the dismissal of a § 1983 complaint for failure to state a claim on which relief may be granted *de novo*. *See Peterson v. Shanks*, 149 F.3d 1140, 1143 (10th Cir. 1998). The district court dismissed Mr. Saiz's § 1983 complaint based on the principles articulated in *Heck v. Humphrey,* 512 U.S. 477 (1994). In *Heck*, the Supreme Court stated a plaintiff cannot recover damages in a § 1983 action implicating the validity of a criminal conviction or sentence without proof that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by an authorized state tribunal, or questioned by a federal court's issuance of a writ of habeas corpus. *Id.* at 486-87; *see also Crow v. Penry*, 102 F.3d 1086, 1087 (10th Cir. 1996) (per curiam). A review of the record on appeal confirms the district court's determination that Mr. Saiz does not allege or intimate any authorized entity has reversed, expunged, invalidated,

or questioned his term of imprisonment in any way. For this reason, we **AFFIRM** the district court's decision to dismiss Mr. Saiz's § 1983 complaint without prejudice, and **DISMISS** the appeal.[1]

**Entered by the Court:**

**WADE BRORBY**
United States Circuit Judge

---

[1] The district court denied Mr. Saiz's motion to proceed *in forma pauperis* finding the appeal lacked good faith because he failed to show a reasoned, nonfrivolous argument on the law and facts in support of the issues raised on appeal. We agree and deny his request to proceed *in forma pauperis*.