F I L E D
**United States Court of Appeals**
**Tenth Circuit**

**JUL 6 2000**

**PATRICK FISHER**
Clerk

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

JAQUELINE QUARTERMAN,

      Plaintiff - Appellant,

v.

PATRICK CRANK, Assistant United
States Attorney for the District of
Wyoming; LOUEY WILLIAMS;
CHRIS PETERS; FORREST
(FROSTY) WILLIAMS, in their
official capacity as Wyoming Attorney
General Division of Criminal
Investigation Agents,

      Defendants - Appellees.

No. 00-8015
(D.C. No. 99-CV-77-B)
(District of Wyoming)

**ORDER AND JUDGMENT**[*]

Before **BALDOCK**, **HENRY** and **LUCERO**, Circuit Judges.

      Plaintiff-appellant Jacqueline Quarterman, appearing pro se, appeals the

district court's dismissal of her suit brought pursuant to 42 U.S.C. § 1983, <u>Bivens</u>

---

[*]   The case is unanimously ordered submitted without oral argument
pursuant to Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G). This order and
judgment is not binding precedent, except under the doctrines of law of the case,
res judicata, and collateral estoppel. The court generally disfavors the citation of
orders and judgments; nevertheless, an order and judgment may be cited under the
terms and conditions of 10th Cir. R. 36.3.

v. Six Unknown Agents of the Federal Bureau of Narcotics, 403 U.S. 388 (1971), and 42 U.S.C. § 1985(2) and (3). She alleges that the defendants conducted illegal searches and seizures of her property, used "terrorist tactics" to induce perjured testimony, planted evidence, and entrapped and prosecuted her for someone else's drugs. (I R. Doc. 1 at 4.) Although the complaint does not specify, we agree with the district court that she is referring to the investigation and her subsequent prosecution and conviction on charges of conspiracy to distribute controlled substances, as well as various possession and distribution charges, in the United States District Court for the District of Wyoming, No. 97-CR-24-D, aff'd United States v. Vaziri, 164 F.3d 556 (10th Cir. 1999). The district court dismissed the complaint for failure to state a claim. This appeal followed.

We review de novo the dismissal of a complaint for failure to state a claim for which relief may be granted. See Peterson v. Shanks, 149 F.3d 1140, 1143 (10th Cir. 1998). The district court dismissed most of the claims in Quarterman's complaint based on the principles articulated in Heck v. Humphrey, 512 U.S. 477 (1994). In Heck, the Supreme Court stated that a plaintiff cannot recover damages in a § 1983 action implicating the validity of a criminal conviction or sentence without proof that "the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by [an authorized]

state tribunal . . . , or called into question by a federal court's issuance of a writ of habeas corpus . . . ." Id. at 487; see also Crow v. Penry, 102 F.3d 1086, 1087 (10th Cir. 1996) (per curiam). The holding in Heck has been extended to apply to Bivens actions, see Crow, 102 F.3d at 1087, and to claims brought pursuant to 42 U.S.C. § 1985, see Stephenson v. Reno, 28 F.3d 26, 26-27 & n.1 (5th Cir. 1994) (per curiam).

As to Quarterman's claims that the defendants used terrorist tactics to induce perjured testimony, planted evidence, and entrapped and prosecuted her for someone else's drugs, our review of the record on appeal confirms the district court's determination that these claims implicate the validity of her conviction. See, e.g., Crow, 102 F.3d at 1086-87 (dismissing pursuant to Heck claims that a probation officer falsely testified at the plaintiff's probation revocation hearing); Parris v. United States, 45 F.3d 383, 384-85 (10th Cir. 1995) (dismissing pursuant to Heck allegations that the government's evidence was fabricated and false, and that the government's witnesses were lying). She has not established that her conviction or term of imprisonment has been reversed, expunged, invalidated, or questioned in any way. In her direct appeal, we affirmed her conviction and sentence. See Vaziri, 164 F.3d at 569. Furthermore, her motion to vacate, set aside, or correct her sentence pursuant to 28 U.S.C. § 2255 was denied by the

district court.  See Quarterman v. United States, No. 99-1026 B (D. Wyo. May 24, 2000).

Allegations of an illegal search and seizure, however, do not always implicate the validity of a conviction.  The Supreme Court stated in Heck:

> [A] suit for damages attributable to an allegedly unreasonable search may lie even if the challenged search produced evidence that was introduced in a state criminal trial resulting in the § 1983 plaintiff's still-outstanding conviction.  Because of doctrines like independent source and inevitable discovery, and especially harmless error, such a § 1983 action, even if successful, would not necessarily imply that the plaintiff's conviction was unlawful.  In order to recover compensatory damages, however, the § 1983 plaintiff must prove not only that the search was unlawful, but that it caused him actual, compensable injury, which, we hold today, does not encompass the "injury" of being convicted and imprisoned (until his conviction has been overturned).

Heck, 512 U.S. at 487 n.7.

To the extent Quarterman seeks relief based on the alleged injury of her conviction and imprisonment, her claims fall squarely within Heck.  See Crow, 102 F.3d at 1087 (dismissing pursuant to Heck Fourth and Fifth Amendment claims alleging that a probation officer and others conspired to have search and arrest warrants issued where the only relief sought was for damages resulting from the arrest and related incarceration).  To proceed on her search and seizure claim at this time, she must prove that the search was unlawful and it caused actual, compensable injury beyond the injury of being convicted and imprisoned.  See Heck, 512 U.S. at 487 n.7.  The district court concluded that any claims not

presently precluded by Heck should be dismissed because her allegations are conclusory and fail to set forth a factual basis for her claims. We agree. Although Quarterman references the additional burden of defending against "continued attempts of forfeiture of plaintiff's property," (I R. Doc. 1, Points & Authorities at 4), she settled the related civil forfeiture case releasing all claims against the government and its agents, and does not state facts sufficient to support her allegation of ongoing attempts to initiate forfeiture proceedings. See Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991) (holding that "conclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based" (citations omitted)).

In addition to her appeal of the district court's dismissal of her complaint, Quarterman filed a "Motion for Assignment of Appellate Judges Other Than Those Who Decided on Appellant's Trial Appeal" requesting a different panel than that which rejected her direct criminal appeal on the merits in Vaziri, 164 F.3d at 569, and her previous Bivens appeal in Quarterman v. Bort, No. 99-8076, 2000 WL 223598, at **1 (10th Cir. Feb. 28, 2000).[1] A judge should be

_____

[1] We note that none of the judges who decided Quarterman's direct appeal, see Vaziri, 164 F.3d at 559, and only one judge who decided her prior Bivens action, see Quarterman, No. 2000 WL 223598, at **1, is assigned to the panel of judges deciding the instant appeal. Because Quarterman raises nothing but conclusory allegations of bias and prejudice unsupported by any evidence in the record, the fact that one judge assigned to the panel deciding this appeal also

(continued...)

disqualified where he or she "has personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding." 28 U.S.C. § 455(b)(1). Prior adverse rulings in other proceedings do not constitute grounds for disqualification. See Green v. Branson, 108 F.3d 1296, 1305 (10th Cir. 1997); United States v. Cooley, 1 F.3d 985, 993 (10th Cir. 1993). Furthermore, a judge's comments during those proceedings only rise to the level of possible disqualification if "they display a deep-seated favoritism or antagonism that would make fair judgment impossible." Liteky v. United States, 510 U.S. 540, 555 (1994); see also United States v. Young, 45 F.3d 1405, 1415 (10th Cir. 1995). There is no evidence of bias, prejudice, or of inappropriate comments on the part of any of the judges who decided Quarterman's direct appeal or her prior Bivens action.

We **DENY** Quarterman's "Motion for Assignment of Appellate Judges Other Than Those Who Decided on Appellant's Trial Appeal" and **AFFIRM** the judgment of the district court.[2]

---

[1](...continued)
decided her prior Bivens action is irrelevant.

[2] The district court did not specify whether its dismissal was with or without prejudice. Pursuant to Fottler v. United States, 73 F.3d 1065, 1065-66 (10th Cir. 1996), insofar as Quarterman's claims were dismissed pursuant to Heck, the dismissal is without prejudice.

The mandate shall issue forthwith.

ENTERED FOR THE COURT

Carlos F. Lucero
Circuit Judge