F I L E D

**United States Court of Appeals**
**Tenth Circuit**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

**JAN 4 2001**

**PATRICK FISHER**
**Clerk**

ANTHONY L. LEE,

       Plaintiff-Appellant,

v.

JOHN W. SUTHER; Mrs. S.
MCGUIRER; Mrs. C. BRUNETT;
KARL GILGE; THOMAS E. KOLLE;
CLYDE STAHL; John Does 7 to 50,

       Defendants-Appellees.

No. 00-1014
(D.C. No. 99-Z-1568)
(D. Colo.)

**ORDER AND JUDGMENT** *

Before **TACHA** , **EBEL** , and **BRISCOE** , Circuit Judges.


       After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

---

*     This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Plaintiff Anthony L. Lee, a prisoner in the custody of the Colorado Department of Corrections, brought this action asserting claims under 42 U.S.C. § 1983 and the Americans with Disabilities Act (ADA) against defendants, who are Department employees. Specifically, Lee claimed that (1) defendants were deliberately indifferent to his serious medical needs with respect to an ankle injury and thereby violated the Eighth Amendment's prohibition against cruel and unusual punishment; (2) the conditions at the Buena Vista Correctional Facility, where he was housed for a short period, violated the ADA and the Eighth Amendment; and (3) false information in his prison file, indicating he was an escape risk, caused him to be rejected for community corrections placement and thus violated his right to due process.

Following his response to the district court's order to show cause why the complaint should not be dismissed for failure to exhaust administrative remedies, the district court determined that Lee had failed to exhaust properly his first two claims. *See* 42 U.S.C. § 1997e(a). The district court also found that any ruling favorable to Lee on the merits of his third claim would necessarily imply the invalidity of his continuing confinement and was therefore barred by *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994) (to recover damages for unconstitutional imprisonment, prisoner must show that sentence has been invalidated). *See Crow v. Penry*, 102 F.3d 1086, 1087 (10th Cir. 1996) (applying *Heck* to claim implying

alleged invalidity of parole revocation); *Butterfield v. Bail,* 120 F.3d 1023, 1024 (9th Cir. 1997) (applying *Heck* to claim regarding denial of parole). The court therefore dismissed the complaint without prejudice. It also denied Lee's motion for reconsideration filed under Fed. R. Civ. P. 59(e). Lee appeals.

Defendants argue that we lack jurisdiction to consider Lee's appeal because he filed his notice of appeal more than thirty days after the district court's denial of his Rule 59(e) motion. *See* Fed. R. App. P. 4(a)(1). Even under the prison mailbox rule, Lee's notice of appeal would be untimely based on the date the district court denied the Rule 59(e) motion. However, the district court never entered judgment on a separate document as required by Rule 58, and thus, the period for filing the notice of appeal never began to run. *See Clough v. Rush*, 959 F.2d 182, 185 (10th Cir. 1992). Because it is clear the district court intended its order dismissing Lee's claims as its final decision, we will deem the separate document requirement waived and will assert jurisdiction over the appeal. *See id.* at 186.

We review de novo the district court's dismissal for failure to exhaust administrative remedies, *Miller v. Menghini*, 213 F.3d 1244, 1246 (10th Cir. 2000), and its dismissal on *Heck* grounds, which we construe as due to failure to state a claim, *Perkins v. Kan. Dep't of Corr.*, 165 F.3d 803, 806 (10th Cir. 1999). We have considered Lee's arguments on appeal and have reviewed the record, and

we are not persuaded that the district court erred in dismissing his complaint.  We therefore affirm the district court for substantially the same reasons as stated in its November 8, 1999 order and judgment dismissing Lee's complaint and its November 24, 1999 order denying reconsideration.

The judgment of the district court is AFFIRMED.  Lee's motion for an order of default is DENIED.  The mandate shall issue forthwith.  Lee is reminded that he remains obligated to continue making partial payments of the appellate filing fee pursuant to 28 U.S.C. § 1915(b).

Entered for the Court

Mary Beck Briscoe
Circuit Judge