**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUL 19 2002**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

JAMES BENJAMIN WHITE,

      Plaintiff - Appellant,

v.

UNITED STATES OF AMERICA;
UNITED STATES DEPARTMENT
OF JUSTICE; STATE OF UTAH;
STATE OF COLORADO; BOULDER
COUNTY, CO.; PATRICK D.
BUTLER; and HUGO CASAR,

      Defendants - Appellees.

No. 02-1176

(D. C. No. 01-Z-2340)

(D. Colorado)

**ORDER AND JUDGMENT** *

Before **SEYMOUR** , **HENRY** , and **BRISCOE** , Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously to honor appellant's request for decision on the briefs without oral

argument. See Fed. R. App. P. 34(f). The case is, therefore, ordered submitted

without oral argument.

---

* This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

James Benjamin White, a state prisoner proceeding pro se, filed a complaint pursuant to 42 U.S.C. § 1983 against the above-listed defendants, seeking monetary damages. In his original complaint, Mr. White alleged various constitutional violations, including the violation of his right to be free from double jeopardy and his right to effective counsel, stemming from his apparent extradition from the State of Utah to the State of Colorado. Mr. White seeks immediate release and monetary damages. He also seeks leave to proceed *in forma pauperis* ("ifp").

The magistrate judge directed Mr. White to cure various deficiencies in his complaint, including the omission of the identification of the individuals who personally participated in the alleged violation of his rights. The district court noted that Mr. White's attempt to amend his complaint merely reiterated his previous claims, and did not illuminate the identity of the individuals involved in the alleged constitutional violations. The district court noted that, to the extent Mr. White seeks immediate release, his sole federal remedy is a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The district court also concluded that, to the extent Mr. White seeks damages stemming from probation proceedings, his request for damages is premature under Heck v. Humphrey, 512 U.S. 477, 486-87 (1994), because he has not shown that the results of the probation proceedings have been invalidated.

We will review de novo the district court's sua sponte dismissal for failure to state a claim upon which relief can be granted. See 28 U.S.C. § 1915(e)(2)(B)(ii); Perkins v. Kansas Dep't of Corr., 165 F.3d 803, 806 (10th Cir. 1999); Whitney v. New Mexico, 113 F.3d 1170, 1173 (10th Cir. 1997) (sua sponte dismissal). "In reviewing the district court's dismissal, we accept as true plaintiff's allegations, which will be construed in the light most favorable to the plaintiff." Durre v. Dempsey, 869 F.2d 543, 545 (10th Cir. 1989). Because Mr. White proceeds pro se, we liberally construe his pleadings. See Haines v. Kerner, 404 U.S. 519, 520 (1972) (per curiam).

When a state prisoner seeks damages under § 1983, we "must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of [the prisoner's] conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." Heck, 512 U.S. at 487. Moreover, Heck "applies to proceedings that call into question the fact or duration of parole or probation." Crow v. Penry, 102 F.3d 1086, 1087 (10th Cir. 1996) (per curiam). We agree with the district court's determination that Mr. White's allegations "necessarily imply the invalidity" of his conviction, sentence, or parole determination, Rec. doc. 18, at 3 (district court order filed Feb. 19, 2002), for which "habeas corpus is the exclusive remedy." Heck, 512 U.S. at 481.

Having reviewed Mr. White's appellate brief, the district court's order, and the appellate record, we conclude that the district court correctly dismissed Mr. White's § 1983 action. Thus, for substantially the same reasons set forth in the district court's order, we DENY Mr. White's request for leave to proceed ifp and DISMISS this appeal.

Entered for the Court,

Robert H. Henry
Circuit Judge