**Robert D. NOEL, Plaintiff–Appellant,**

v.

**Anthony E. GRZESIAK and William S. Overton, Defendants–Appellees.**

No. 03–2150.

United States Court of Appeals, Sixth Circuit.

April 27, 2004.

Robert D. Noel, pro se.

Before: GUY and GILMAN, Circuit Judges; and BARZILAY, Judge.*

---

* The Honorable Judith M. Barzilay, United States Court of International Trade, sitting by designation.

*ORDER*

Robert D. Noel, a Michigan prisoner proceeding pro se, appeals the district court judgment dismissing his civil rights action brought under 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Seeking declaratory and injunctive relief, Noel sued Saginaw Circuit Court Probation Manager Anthony Grzesiak, and Michigan Department of Corrections Director William S. Overton. Noel alleged that the defendants violated his due process rights when they used inaccurate information in his presentence investigation report (PSR) to deny him parole. He sued the defendants in their individual capacities. The district court screened the complaint and dismissed it for failure to state a claim. *See* 28 U.S.C. §§ 1915(e)(2), 1915A(b), and 42 U.S.C. § 1997e(c). The court also denied Noel's motion for reconsideration.

In his timely appeal, Noel reasserts the allegations in his complaint.

We review de novo a district court's decision to dismiss a suit for failure to state a claim upon which relief may be granted under 28 U.S.C. §§ 1915(e)(2), 1915A(b)(2), and 42 U.S.C. § 1997e(c). *Brown v. Bargery*, 207 F.3d 863, 867 (6th Cir.2000). In reviewing a dismissal of a complaint for failure to state a claim, we must accept all well-pleaded factual allegations as true. *Lewis v. ACB Bus. Servs., Inc.*, 135 F.3d 389, 405 (6th Cir.1998). "[A] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Mayer*

*v. Mylod,* 988 F.2d 635, 638 (6th Cir.1993) (citation omitted).

Upon review, we conclude that the district court properly dismissed Noel's complaint for failure to state a claim upon which relief may be granted, although our decision is based upon a different reason than the reason relied upon by the district court. *See Russ' Kwik Car Wash, Inc. v. Marathon Petroleum Co.,* 772 F.2d 214, 216 (6th Cir.1985). Noel's complaint is barred by *Heck v. Humphrey,* 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994). A state prisoner does not state a cognizable claim under § 1983 if a ruling on his claim would necessarily imply the invalidity of his conviction and confinement until the conviction has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal, or has been called into question by a federal court's issuance of a writ of habeas corpus. *Heck,* 512 U.S. at 486–87; *Schilling v. White,* 58 F.3d 1081, 1085–86 (6th Cir. 1995). A claim challenging confinement must be dismissed regardless of whether the plaintiff seeks monetary or injunctive relief. *See Heck,* 512 U.S. at 489–90; *Preiser v. Rodriguez,* 411 U.S. 475, 488–90, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973). Moreover, *Heck* "applies to proceedings that call into question the fact or duration of parole or probation." *Crow v. Penry,* 102 F.3d 1086, 1087 (10th Cir.1996). Noel's complaint is, in essence, a challenge to the length of his sentence, and he has not shown that his conviction, sentence, or PSR have been reversed, expunged, or declared invalid. Accordingly, Noel has no § 1983 claim.

Accepting all of his factual allegations as true, Noel can prove no set of facts in support of his claim which would entitle him to relief. *See Lewis,* 135 F.3d at 405; *Mayer,* 988 F.2d at 638. For the foregoing reasons, we affirm the district court's

judgment. Rule 34(j)(2)(C), Rules of the Sixth Circuit.