**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**April 2, 2010**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

LYNN EUGENE SCOTT,

        Plaintiff-Appellant,

v.

MR. URLICH [sic]; MS. JANE DOE;
CAPT. JANE DOE,

        Defendants-Appellees.

No. 09-1243
(D.C. No. 1:09-CV-00795-ZLW)
(D. Colo.)

**ORDER AND JUDGMENT**[*]

Before **KELLY**, **BALDOCK**, and **HOLMES**, Circuit Judges.

Lynn Eugene Scott, a state prisoner appearing pro se, appeals from the

district court's dismissal without prejudice of his 42 U.S.C. § 1983 civil rights

complaint and action, and the court's denial of his Fed. R. Civ. P. 59(e) motion to

alter or amend judgment. Liberally construing Mr. Scott's pro se allegations,

*Ledbetter v. City of Topeka*, 318 F.3d 1183, 1187 (10th Cir. 2003), he asserts that

---

[*]    After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

(1) the district court erroneously dismissed his claims for damages as barred by

*Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994), because his complaint

challenges the allegedly unwarranted *modification* of a parole board judgment not

the parole board judgment itself; (2) the district court incorrectly found his claims

barred by *Heck* "in light of the denial of his habeas corpus action of the same

issues raised in the same court by the same judge as moot;" and (3) the district

court "judge in this case [was] partial." Aplt. Br. at 3.

Our jurisdiction arises under 28 U.S.C. § 1291. "Like dismissals under

[Federal] Rule [of Civil Procedure] 12(b)(6), we review *de novo* a district court's

*sua sponte* dismissal pursuant to 28 U.S.C. § 1915(e)(2) . . . ." *Vasquez Arroyo v.*

*Starks*, 589 F.3d 1091, 1094 (10th Cir. 2009). We review for an abuse of

discretion the district court's denial of Mr. Scott's Rule 59(e) motion. *Barber*

*ex rel. Barber v. Colo. Dep't of Revenue*, 562 F.3d 1222, 1228 (10th Cir. 2009).

Pursuant to *Heck* and its progeny,

> a state prisoner's § 1983 action is barred (absent prior
> invalidation)—no matter the relief sought (damages or equitable
> relief), no matter the target of the prisoner's suit (state conduct
> leading to conviction or internal prison proceedings)—*if* success in
> that action would necessarily demonstrate the invalidity of
> confinement or its duration.

*Davis v. Kan. Dep't of Corrs.*, 507 F.3d 1246, 1249 (10th Cir. 2007) (quoting

*Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005)). Additionally, as noted by the

district court in this case, "[t]he rule in *Heck* . . . applies to 'proceedings that call

into question the fact or duration of parole or probation,'" *Scott v. Urlich*, No. 09-cv-00795-BNB, 2009 WL 1117270, at *1 (D. Colo. Apr. 23, 2009) (quoting *Crow v. Penry*, 102 F.3d 1086, 1087 (10th Cir.1996) (per curiam)). Thus, the district court concluded that—absent any indication that the decision to delay Mr. Scott's release on parole had been invalidated—he could "not recover damages for the claims he [raised] . . . because those claims challenge the validity of the decision to delay his release on parole." *Id.* Accordingly, the district court dismissed without prejudice Mr. Scott's claims for damages as barred by *Heck* and declined to address "his request for declaratory and injunctive relief because he [did] not actually specify the declaratory or injunctive relief he [sought]." *Id.* Thereafter, the district court liberally construed Mr. Scott's motion to reconsider judgment, treating it as a Rule 59(e) motion, and denied it, holding that Mr. Scott had "fail[ed] to demonstrate some reason why" the court should alter or amend its order of dismissal and judgment, R., Vol. 1 at 25.

Having reviewed Mr. Scott's brief, the record, and the applicable law pursuant to the above-mentioned standards, we conclude that Mr. Scott has neither raised a reversible error nor demonstrated that the district court abused its discretion in denying his Rule 59(e) motion. We therefore AFFIRM the judgment of the district court for substantially the same reasons stated in its order of dismissal. *Scott*, 2009 WL 1117270, at *1-*2. Further, we GRANT Mr. Scott's motion to for leave to proceed on appeal without prepayment of costs or fees and

-3-

remind him of his obligation to make partial payments until the filing fee is paid in full. We DENY all other pending motions.

Entered for the Court

Paul J. Kelly, Jr.
Circuit Judge