**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**November 9, 2011**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

DWAYNE A. HUDSON,

     Plaintiff - Appellant,

v.

PAROLE OFFICER TODD MASON (P.O.
Mason); DETECTIVE RICHARD
SCHNEIDER (Det. Schneider);
COLORADO PAROLE BOARD;
CLEMENT BOURGEOIS (Det.
Bourgeois),

     Defendants - Appellees,

and

DENVER POLICE DEPARTMENT;
PAROLE OFFICER SARA PHELPS (P.O.
Phelps); PAROLE OFFICER TRACY
SHARP (P.O. Sharp); DIVISION OF
ADULT SERVICES, Colorado Parole
Board,

     Defendants.

No. 11-1135
(D.C. No. 1:10-CV-02276-ZLW)
(D. Colo.)

**ORDER DENYING LEAVE TO PROCEED
ON APPEAL *IN FORMA PAUPERIS*,
AND DISMISSING APPEAL**

Before **O'BRIEN**, **McKAY**, and **TYMKOVICH**, Circuit Judges.

Dwayne A. Hudson wants to appeal *in forma pauperis* (*ifp*) from the district

court's order dismissing his 42 U.S.C. § 1983 complaint.[1] The complaint alleged

violations of Hudson's civil rights stemming from the revocation of his parole for failing

to timely register as a sex offender. The district court, concluding Hudson's complaint

was legally frivolous under *Heck v. Humphrey*, 512 U.S. 477 (1994), dismissed the

complaint *sua sponte*. *See* 28 U.S.C. § 1915(e)(2)(B); *Neitzke v. Williams*, 490 U.S. 319,

324-25 (1989) (construing § 1915(d), the predecessor to § 1915(e)(2)). We deny his

request to proceed *ifp* and dismiss the appeal.

## I. BACKGROUND[2]

After Hudson was paroled on August 26, 2008**,** he was required under Colorado

law to register as a sex offender by September 3, 2008, but did not attempt to do so until

September 5, 2008. When he did attempt to register at the Denver Police Department, he

claims a detective became aggressive and verbally abusive. The detective refused to

complete the registration and ordered him to leave. He contacted his parole officer, who

told him to try again on Monday, September 8. When he did so, he was arrested for

failing to timely register. His parole was then revoked for failing to timely register.

His complaint alleged: (1) the detective retaliated against him for his speech,

thereby depriving him of his due process right to register and his right to free speech; (2)

---

[1] Our jurisdiction derives from 28 U.S.C. § 1291. We construe Hudson's complaint liberally because Hudson is not represented by counsel. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

[2] The district court accepted as true the recitation of facts in Hudson's complaint. We do likewise. *See McKinney v. Okla. Dep't of Human Servs.*, 925 F.2d 363, 365 (10th Cir. 1991) (a district court may, but need not, "pierce the veil of the complaint's factual allegations" to determine whether the complaint is frivolous under § 1915(d)) (citation omitted).

the parole officer falsified evidence, depriving him of due process; (3) the detective violated his Fourth Amendment rights by falsely swearing out an affidavit in support of an arrest warrant; and (4) two other detectives violated Hudson's rights to equal protection and due process when they submitted false information to obtain a warrant for his arrest. He sought damages for interference with his liberty.

The district court concluded *Heck* barred Hudson's claims and dismissed his complaint without prejudice. It also denied his motion to proceed *ifp* on appeal. Hudson renews his *ifp* request with this Court.[3]

## II. DISCUSSION

To proceed *ifp* on appeal, Hudson "must show a financial inability to pay the required filing fees *and* the existence of a reasoned, nonfrivolous argument on the law and facts in support of the issues raised on appeal." *DeBardeleben v. Quinlan*, 937 F.2d 502, 505 (10th Cir. 1991) (emphasis added). We have reviewed Hudson's motion to proceed *ifp* and solicitously construed his briefs in light of the district court record. His arguments are contrary to settled law and he makes no reasoned argument for modification of that law.

A § 1983 complaint for damages caused by an allegedly unconstitutional conviction or imprisonment "must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." *Heck*, 512 U.S. at 487. *Heck*

---

[3] After reviewing Hudson's response to our order for briefing on the timeliness of his notice of appeal, we are satisfied he timely filed his notice of appeal in accord with the prison mailbox rule. *See Price v. Philpot*, 420 F.3d 1158, 1163-64 (10th Cir. 2005).

- 3 -

also bars proceedings challenging "the fact or duration of parole." *Crow v. Penry*, 102 F.3d 1086, 1087 (10th Cir. 1996). Hudson's complaint centers on the manner in which he was treated at the police station, including not being permitted to register the first time he appeared. While not complaining about his parole revocation, per se, he seeks redress (in the form of damages) for the liberty he claims to have lost due to his arrest and the revocation of his parole. Regardless of any rude treatment or delay he may have encountered at the police station, Hudson was already late when he first appeared for registration. His attempt to register (two days late), his contact with his probation officer, his repeated attempt to register, as well as the allegedly false information provided by the probation officer and the detectives might have, if sufficiently established and legally significant, amounted to a defense to the possible revocation of his probation (or mitigating factors in deciding the consequences). But they did not – his parole was revoked. Because his parole revocation has not been invalidated, the district court correctly concluded *Heck* bars his claims.

Hudson has not presented reasoned, non-frivolous arguments in support of the issues raised on appeal. We **DENY** his motion to proceed *ifp* on appeal and remind him of his obligation to pay the filing and docket fees in full to the clerk of the district court. [4] We **DISMISS** this appeal as frivolous, *see* 28 U.S.C. § 1915(e)(2)(b)(i), and thereby impose two strikes for the purposes of 28 U.S.C. § 1915(g); one for the frivolous filing and another for the frivolous appeal. *See Jennings v. Natrona Cnty. Det. Ctr. Med.*

[4] *See Kinnell v. Graves*, 265 F.3d 1125, 1129 (10th Cir. 2001) (dismissal of appeal does not relieve a party from the responsibility to pay the appellate filing fees).

*Facility*, 175 F.3d 775, 780 (10th Cir. 1999) ("If we dismiss as frivolous the appeal of an action the district court dismissed under 28 U.S.C. § 1915(e)(2)(B), both dismissals count as strikes.").  Hudson's remaining motions – (1) for a show cause order and injunction and (2) for an extension of time to serve the other parties - are DENIED.

**Entered by the Court:**

**Terrence L. O'Brien**
United States Circuit Judge