**Harold D. HORNSBY, Petitioner–Appellant,**

v.

**Edward L. EVANS, Jr., Respondent–Appellee.**

No. 01–5174.

United States Court of Appeals, Tenth Circuit.

April 18, 2002.

Before TACHA, Chief Circuit Judge, EBEL and LUCERO, Circuit Judges.

ORDER AND JUDGMENT *

TACHA, Chief Circuit Judge.

After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argu-

---

* This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. This court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

ment would not be of material assistance in the determination of this appeal. *See* Fed. R.App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Petitioner Hornsby appeals *pro se* the order of the district court denying a certificate of appealability in this action brought pursuant to 28 U.S.C. § 2254. This appeal follows a long line of filings by this petitioner. Petitioner had three separate convictions in the courts of the state of Oklahoma. In 1990, he pled guilty to larceny from a person and was sentenced to three years' imprisonment. He took no direct appeal. A post-judgment motion was denied and that denial was affirmed on appeal. In 1990, he also pled guilty to larceny of merchandise and was sentenced to one year's imprisonment in the county jail. Again he took no direct appeal and post-conviction remedies were denied for failure to raise the issues on direct appeal. In 1992, petitioner was convicted of robbery by fear for which he received a 15 year sentence, and robbery by firearms, for which he received a 20 year sentence. Those convictions were affirmed on direct appeal except for a limited remand to adjust the fine.

Petitioner filed a federal habeas petition in 1995, with claims generally concerning all three convictions. The district court denied the petition as procedurally barred, noting that there was no jurisdiction over the petition with respect to the 1990 larceny from a person conviction because petitioner had completed his sentence for that conviction. On appeal, this court reversed and remanded for further proceedings as to the 1990 larceny of merchandise conviction. The remand was limited to an analysis of the procedural defaults on the issues concerning that conviction that arose from ineffective assistance of counsel claims. As to all other issues, this court denied a

certificate of probable cause and dismissed the appeal. *Hornsby v. Kaiser*, No. 96–5210, 1998 WL 172616 (10th Cir. Apr.14, 1998). On remand, the district court appointed counsel, held further proceedings and again found procedural default. The district court denied Mr. Hornsby's motions to vacate and amend the habeas petition and partially denied his motion to enlarge the record. Mr. Hornsby again appealed. In this second round appeal, this court declined to grant a certificate of probable cause and dismissed the appeal. *Hornsby v. Kaiser*, No. 98–5192, 1999 WL 590746 (10th Cir. Aug.6, 1999).

In 2001, Petitioner filed in the district court under the habeas corpus case number, a motion for the district court judge to recuse, together with several accompanying requests. Those motions were denied in the district court. The district court further ordered that no further filings by Mr. Hornsby would be accepted without leave of court. The district court denied petitioner's subsequent "Notice of Intent to Seek Extraordinary Mandamus Relief," but granted his "Notice of Intent to Appeal." The district court did not act on the issue of whether a COA should be granted. Under these circumstances, and pursuant to the General Order of this court dated October 1, 1996, the COA is deemed denied. Appellant now seeks a COA in this court. He has also filed in this court a filing entitled "All Writs Act Application for Writ of Mandamus." We construe all filings in this court liberally because petitioner is representing himself. *Haines v. Kerner*, 404 U.S. 519, 520–21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

The application for a writ of mandamus filed in this court is based on allegations that Judge Brett should have recused for a series of reasons and that petitioner has been denied review on the merits of his claims on appeal. Neither of these claims

has any merit. Even construed liberally, petitioner has stated no grounds that would require Judge Brett to recuse. Petitioner had ample opportunity to raise his post-conviction claims in the previous habeas proceedings in this matter. To be entitled to a COA petitioner Hornsby must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). He can make this showing by establishing that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000) (quotation omitted).

We may grant habeas relief only if the state court entered a judgment that

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

We hold that petitioner has not met the statutory requirements for a certificate of appealability and dismiss the appeal.

Petitioner has filed a series of motions in this court, including, but not limited to, a motion to file a memorandum brief, a motion for an order directing enlargement of the record, and a motion for a transcript of evidentiary hearings. Petitioner has also filed for leave to proceed *in forma pauperis* on this appeal. That motion for leave to proceed *in forma pauperis* is GRANTED. All other motions are denied. The order of the district court prohibiting petitioner from filing further papers in the district court without leave of the court is AFFIRMED. The certificate of appealability is DENIED, and the appeal is DISMISSED.