**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**SEP 24 2004**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

DONALD HARPER,

    Plaintiff - Appellant,

v.

JOHN ASHCROFT, U.S. Attorney
General; ROBERT S. MULLER, III,
Director of the FBI; KEVIN L.
STAFFORD, FBI; ANGEL SHANK,
B.O. Prisons, Custodian of Records,
FCI Englewood; K. LANAGHAN,
Case Manager and Counselor;
GERALD T. VANBEBBER, Federal
Judge; ROBERT S. STREEPY,
Assistant U.S. Attorney,

    Defendants - Appellees.

Nos. 04-1179 and 04-1210
(D. Colo.)
(D.C. No. 03-Z-2653)

**ORDER AND JUDGMENT**[*]

Before **SEYMOUR**, **LUCERO**, and **O'BRIEN**, Circuit Judges.

---

[*] This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel.  The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

    After examining the briefs and appellate record, this panel has determined
unanimously to honor the parties' request for a decision on the briefs without oral
argument.  See Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G).  The case is therefore
submitted without oral argument.

Pursuant to <u>Bivens v. Six Unknown Named Federal Agents</u>, 403 U.S. 388 (1971), Donald Harper, a state prisoner appearing pro se, brought claims of "illegal arrest," violations of due process, and denial of his right of free expression against, inter alia, Director of the FBI Robert Mueller and the warden of the prison at which he is currently incarcerated. The district court reviewed Harper's complaint and determined that there was no cognizable <u>Bivens</u> claim stated in the original complaint and that he was actually seeking to overturn his conviction; it therefore dismissed the complaint without prejudice to allow Harper to seek habeas corpus relief in the sentencing court. Because we agree with the district court's conclusions, we **AFFIRM** the dismissal. After filing a notice of appeal of the district court's dismissal, Harper filed a "Motion Requesting . . . the Correction of Records" in district court. The district court found that it no longer had jurisdiction over the underlying action and denied Harper's motion, which order Harper also timely appealed. By an order filed July 14, 2004, we consolidated Harper's appeals. Exercising jurisdiction pursuant to 28 U.S.C. § 1291, we **AFFIRM** the order denying jurisdiction, for substantially the same reasons as the district judge.

Harper's appeal of the district court's dismissal of his original action wrested that court of jurisdiction over subsequent related motions. The district

2

court therefore properly found that it lacked jurisdiction over Harper's "Motion Requesting . . . the Correction of Records" under Stewart v. Donges, 915 F.2d 572, 575 (10th Cir. 1990). The record Harper wishes "corrected" is the court docket sheet from his original trial, which is "involved" in the alleged misconduct for which Harper seeks relief in the Bivens action whose dismissal he challenges in the instant appeal. Filing a notice of appeal, whether from a true final judgment or from a decision within the collateral order exception, "is an event of jurisdictional significance – it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." Stewart, 915 F.2d at 575 (citations omitted).

As to the merits of Harper's original complaint of December 19, 2003, he alleges that the arrest leading to his conviction was based on FBI records showing a prior arrest on similar charges. Such an arrest would be a Fourth Amendment violation for lack of probable cause. He also claims that on December 11, 2003, prison officials blocked him from complaining to the proper parties regarding rights he felt were denied him, thereby violating his rights to free expression and due process of law. Harper requested that the court grant him money damages, release, and that the FBI records be expunged. The district court dismissed Harper's complaint, pointing out that it is generally "a federal prisoner's challenge to his conditions of confinement" that are "cognizable under

3

Bivens." (Harper v. Ashcroft, No. 04-1179, slip op. at 2 (D. Colo. filed Apr. 21, 2004)).

We must construe Harper's pleadings liberally because he is representing himself, Haines v. Kerner, 404 U.S. 519, 520-21, extracting the valid civil rights claims in Harper's copious pleadings. Fulfilling this responsibility does not turn us into the litigant's "advocate" under Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991). A Bivens action is unavailable to challenge a conviction until the conviction is overturned. Heck v. Humphrey, 512 U.S. 477, 486-87 (1994).[1] More specifically, Heck held that when a state prisoner seeks damages for constitutional torts, "the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed." Heck, 512 U.S. at 487. Heck acknowledges that some Fourth Amendment violations, "even if successful, would not necessarily imply that the plaintiff's conviction was unlawful." In such cases, "the action should be allowed to proceed," Id. at 487, to the extent that the § 1983 plaintiff can prove not only that the search was unlawful, but that it caused him actual, compensable injury, which, we hold today, does not encompass the 'injury' of being convicted and imprisoned." Id. at n.7.

---

[1]Although Heck involved a 42 U.S.C. § 1983 action, the 10th Circuit applies Heck to Bivens actions as well, Crow v. Penry, 102 F.3d 1086, 1087 (10th Cir.1996).

Thus, regardless of whether Harper's illegal arrest claim "necessarily" implies the invalidity of his conviction or sentence, to the extent Harper seeks relief based on the alleged injury of his conviction and imprisonment, his claims fall within Heck and to proceed on his illegal arrest claim, he must prove that it caused actual, compensable injury beyond the injury of being convicted and imprisoned. Harper's sufferings from loss of "recreational activities," "confidence," and "sleep" (Complaint at 6) are injuries stemming entirely from his incarceration. By contrast, his First Amendment and Due Process claims, although they would not have arisen were Harper not in custody, do go beyond an injury inherent in conviction and imprisonment.

A review of the record shows that Harper's allegations are conclusory and fail to set forth a factual basis for his claims. While Harper's complaint contains claims cognizable under Bivens, it does not state facts sufficient to support his allegations of violations of the First, Fourth, and Fourteenth Amendments. See Hall, 935 F.2d at 1110 (holding that "conclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based" (citations omitted)). This deficiency remains even after Harper amended the complaint to comply with a magistrate judge's order to bring the complaint into line with standard FRCP Rule 8 pleading requirements. Heck bars Harper's claim of illegal arrest under Bivens because the alleged injury does not go beyond the injury of being convicted and imprisoned, and Hall permits the dismissal of Harper's other, unsubstantiated, claims. The district court therefore properly

5

dismissed Harper's action for purposes of a subsequent habeas petition, to be brought before the sentencing court – in this case the U.S. District Court for the District of Kansas.

Accordingly, we **AFFIRM** the dismissal, but remind appellant Harper that he may bring his First and Fourteenth Amendment claims again under Bivens if he is able to focus and substantiate them. Harper's request to proceed on appeal *in forma pauperis* pursuant to 28 U.S.C. § 1915 is **GRANTED**. Harper's August 24, 2004 motion for sanctions against the U.S. Attorney for "failing to appear" or "file an answer brief," filed August 24, 2004, is **DENIED**.

ENTERED FOR THE COURT

Carlos F. Lucero
Circuit Judge

6