**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

DON ALTON HARPER,

      Plaintiff-Appellant,

v.

JOHN ASHCROFT, U.S. Attorney
General; ROBERT S. MULLER, III,
Director of the FBI; KEVIN L.
STAFFORD, FBI; ANGEL SHANK,
B.O. Prisons, Custodian of Records,
FCI Englewood; GERALD T.
VANBEBBER, Federal Judge;
ROBERT S. STREEPY, Asst. U.S.
Attorney,

      Defendants-Appellees.

No. 05-1028
(D.C. No. 03-Z-2653)
(Colorado)

**ORDER AND JUDGMENT**[*]

Before **SEYMOUR**, **HARTZ**, and **McCONNELL**, Circuit Judges.

Donald Harper, a state prisoner appearing *pro se*, brought this appeal after

---

[*]After examining appellant's brief and the appellate record, this panel has
determined unanimously that oral argument would not materially assist the
determination of this appeal. *See* Fed. R. App. P. 34(a)(2) and 10th Cir. R.
34.1(G). The case is therefore submitted without oral argument. This order and
judgment is not binding precedent, except under the doctrines of law of the case,
res judicata, or collateral estoppel. The court generally disfavors the citation of
orders and judgments; nevertheless, an order and judgment may be cited under the
terms and conditions of 10th Cir. R. 36.3.

the district court denied as moot two motions he filed.  Pursuant to *Haines v. Kerner*, 404 U.S. 519, 520 (1972), we construe Mr. Harper's pleadings liberally, deny his application to proceed *in forma pauperis*, and dismiss the appeal.

Mr. Harper originally filed an action in district court under *Bivens v. Six Unknown Named Federal Agents*, 403 U.S. 388 (1971), in which he alleged violations of due process and the First and Fourth Amendments.  The district court determined that he had failed to allege a cognizable *Bivens* claim and that he was actually seeking to overturn his state court conviction.  It dismissed Mr. Harper's complaint without prejudice to allow him to seek habeas corpus relief in the sentencing court.  Mr. Harper appealed, and we affirmed.  *Harper v. Ashcroft*, 113 Fed. Appx. 324 (10th Cir. Sept. 24, 2004).

Mr. Harper subsequently filed two documents in the district court, one entitled "Motion Requesting Leave of this Court Pursuant to F.R.Civ.Proc. R. 60(a)(c) to Stay of Proceedings to Enforce a Judgment," and the other entitled "Motion Requesting Leave From This Court Requesting This Court to Effect the Attached Summons for Proper Service on All Parties Pursuant to the Rules of Civil Procedure Rule 4, 5(b) Deposition."  The district court, referencing its prior decision in the case and our affirmance, denied Mr. Harper's two applications as moot, noting that his case had already been decided, dismissed, and closed.  Rec., doc. 62 at 1; *id.*, doc. 66 at 1.  The court further directed the clerk to strike any

further filings by Mr. Harper in this action. Mr. Harper challenges the court's order in this appeal.

We find no error in the district court's determination that Mr. Harper's motions are moot. Mr. Harper's Rule 60(a) motion appears to request both a stay of the proceedings as well as injunctive relief against defendants. It also alleges violations of the First, Fifth, Sixth, and Fourteenth Amendments, apparently arising out of his underlying state court conviction. His other motion seeks leave to take depositions for "contempt, and other wrongful acts," monetary damages, and release from imprisonment. As best we can tell from the motions and Mr. Harper's brief on appeal, he appears to assert arguments that were considered and decided in his appeal, *see Harper*, 113 Fed. Appx. at 324-26. Needless to say, we will not revisit those issues. Moreover, because the underlying claims have been decided and the case dismissed and closed, no ground exists upon which Mr. Harper may seek depositions.[1]

Nor do we find error in the district court's direction to the clerk of the court to strike any further filings by Mr. Harper in *this* action. In his appeal, Mr.

---

[1]On appeal, Mr. Harper also appears to seek for the first time attorney's fees. We decline to address issues not raised or considered below. *See Walker v. Mather*, 959 F.2d 894, 896 (10th Cir. 1992). In addition, we deny Mr. Harper's motion titled "Pursuant to Federal Rules of Civil Procedures Request for Review Under Title 28 United States Code Sec. § 2101," in which he reiterates the claims asserted in his appellate brief.

Harper characterizes the court's direction as a "requirement that [he] be prohibited from filing *any* further complaints or petitions in the district court of Colorado without payment of all filing fees." This requirement, Mr. Harper claims, effectively prevents him from filing anything with the court and, therefore, violates his "constitutional/statutory right of access to the courts." However, we do not interpret the district court's direction to the clerk as prohibiting Mr. Harper from filing future actions not based on claims already decided in the present action. Nor do we interpret the district court's direction as prohibiting Mr. Harper from seeking *ifp* status in new and unrelated actions. On the contrary, the court simply stated that the present action has been fully adjudicated and is now closed. Mr. Harper may no longer submit filings in a closed case, and the district court has the authority to strike any such filings. *See Werner v. State of Utah*, 32 F.3d 1446, 1447-48 (10th Cir. 1994)*; Tripati v. Beaman*, 878 F.2d 351, 352 (10th Cir. 1989). Prohibiting Mr. Harper from further filings in a closed case, however, is a far-cry from barring his access to the courts. The district court's direction leaves him free to file new *ifp* petitions and complaints with the sole restriction that any new filing must raise claims and issues not already decided in the present action.

The district court also denied Mr. Harper's application to proceed *in forma pauperis* (*ifp*) on appeal pursuant to 28 U.S.C. § 1915 and Fed. R. App. P. 24.

-4-

Mr. Harper has filed a motion with us for leave to proceed *ifp* on appeal. Upon review of the record and Mr. Harper's appellate filings, it is apparent he has not raised a reasoned, nonfrivolous argument on appeal. *See McIntosh v. U.S. Parole Comm'n*, 115 F.3d 809, 812 (10th Cir. 1997) (citation omitted). We therefore deny his request to proceed *ifp.*

For the aforementioned reasons, we **DENY** Mr. Harper's request to proceed *in forma pauperis* on appeal, and **DISMISS** the appeal. *See* 28 U.S.C. § 1915(e)(2)(B)(i).

SUBMITTED FOR THE COURT

Stephanie K. Seymour
Circuit Judge