**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**October 11, 2006**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

HAROLD D. HORNSBY,

      Petitioner-Appellant.

v.

EDWARD EVANS, JR.,

      Respondent-Appellee.

No. 05-5019
(D.C. No. 95-CV-940-B)
(N.D. Okla.)

---

**ORDER AND JUDGMENT**[*]

---

Before **BRORBY** and **EBEL**, Circuit Judges, and **KANE**,[**] District Judge.

---

Harold D. Hornsby appeals from the district court's order denying his

Fed. R. Civ. P. 60(b) motion, brought in this 28 U.S.C. § 2254 habeas case.

We vacate the district court's order in part for lack of jurisdiction, deny

---

[*]    After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[**]    The Honorable John L. Kane, Senior District Judge, United States District Court for the District of Colorado, sitting by designation.

Mr. Hornsby a certificate of appealability (COA), and dismiss the remainder of his appeal.

## Factual and Procedural History

In 1990, Mr. Hornsby pleaded guilty to larceny from a person and to larceny of merchandise. In January 1993, he was tried and convicted of robbery by fear, for which he received a fifteen-year sentence, and robbery by firearms, for which he received a twenty-five year sentence.

After pursuing his state remedies, Mr. Hornsby brought a federal habeas petition in September 1995. The district court denied the petition. Mr. Hornsby appealed. After a remand and an evidentiary hearing, Mr. Hornsby again appealed. We denied him a certificate of probable cause and dismissed his appeal. *Hornsby v. Kaiser*, No. 98-5192, 1999 WL 590746 (10th Cir. Aug. 6, 1999).[1]

During the next three years, Mr. Hornsby filed a plethora of motions and pleadings in the district court, including at least one document construed as a second habeas petition, along with appeals and other proceedings in this court. All of these were unsuccessful. The district court informed Mr. Hornsby that no further filings would be accepted from him without prior leave of the court. We

---

[1] A "certificate of probable cause" was a predecessor to AEDPA's COA requirement.

upheld the filing restriction imposed by the district court. *Hornsby v. Evans*, 33 F.App'x 952 (10th Cir. 2002).

Mr. Hornsby's litigation activity in this case fell quiet for two years. Then, on March 23, 2004, he filed in the district court a motion requesting leave to re-open the case and leave to file an amended petition for writ of habeas corpus. The district court denied the motion. Mr. Hornsby appealed. We denied Mr. Hornsby a COA and dismissed his appeal.

On November 19, 2004, Mr. Hornsby filed in district court a motion to reconsider, to vacate the filing restriction, and to reopen and continue his habeas petition, essentially couched in terms of a Rule 60(b) motion. On February 1, 2005, the district court denied this motion as moot, in light of our order dismissing Mr. Hornsby's most recent appeal. Mr. Hornsby appealed from the district court's order denying his November 19, 2004 motion, which constitutes the current appeal in this case.

**Analysis**

Mr. Hornsby's 60(b) motion is 139 pages long and was filed despite the prior imposition of filing restrictions. Although we do not believe the issues presented in the motion were identical to those previously resolved by this court, and, hence, we do not follow the district court's mootness rationale, we conclude nevertheless that none of the claims in his Rule 60(b) motion may go forward.

-3-

In his first claim in his Rule 60(b) motion, Mr. Hornsby again challenges the district court's refusal to allow further filings in this case, which we have previously upheld. He contends that the order restricting his filings has deprived him of access to the courts and was entered without notice and without a finding of vexatious litigiousness ordinarily required in cases where filings are to be restricted. As the order restricting filings in this case relates only to further filings in this closed case, his arguments are without merit. *See Harper v. Ashcroft*, 156 F.App'x 80, 82 (10th Cir. 2005) (holding that order restricting further filings in fully litigated and closed case was not denial of due process). Thus, assuming that a COA is required to appeal from an order of filing restrictions, we deny him a COA, and would in any event affirm the district court's order.

In his second claim, Mr. Hornsby asserts that the federal district court abused its discretion and denied him due process and his right of access to the courts by failing to hear and to finally decide issues of exhaustion and procedural bar in his underlying habeas proceedings. This represents a "true" Rule 60(b) ground for relief, which the district court could address. *See Spitznas v. Boone*, No. 05-6236, 2006 WL 2789868, at *1-*2 (10th Cir. Sept. 29, 2006). We nevertheless deny him a COA on this claim, because he fails to show that his issues concerning exhaustion and procedural bar were not completely litigated and correctly decided in the district court's previous orders, *see* R., docs. 19, 20,

59, and in our decision denying him a COA on these issues, *Hornsby*, 1999 WL 590746.

In his third, fourth, and fifth grounds for relief, Mr. Hornsby asserts that he was denied his right to counsel in the state court proceedings, and that the state court's actions and state law deprived him of his constitutional rights. To the extent that his claims merely reiterate claims asserted in prior filings in his federal habeas case, we deny him leave to file them, because they were presented in a prior application and must be dismissed. *See* 28 U.S.C. § 2244(b)(1). To the extent they assert new claims, we deny him authorization to file them, because he has failed to show entitlement to authorization under the standards detailed in § 2244(b)(2).

We warn Mr. Hornsby that attempted further litigation in this court on these issues, which have already been litigated extensively, may subject him to filing restrictions in this court.

To the extent Mr. Hornsby's Rule 60(b) motion constitutes a second or successive habeas petition, we VACATE the district court's decision denying it, and DENY Mr. Hornsby leave to file such a petition. We DENY his application for a COA to appeal the district court's denial of his true Rule 60(b) issues, and

thus DISMISS the remainder of his appeal. Mr. Hornsby's motion to expand the

record is denied; his motion to proceed in forma pauperis is granted.

Entered for the Court


David M. Ebel
Circuit Judge