**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**March 22, 2021**

**Christopher M. Wolpert**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

MAXIMILLIAN ZEFERINO
ESQUIBEL,

Plaintiff - Appellant,

v.

THOMAS MINSER; JASON R.
DUNN; JASON ST. JULIEN,

Defendants - Appellees.

No. 21-1005
(D.C. No. 1:20-CV-03688-RJB)
(D. Colo.)

## ORDER AND JUDGMENT*

Before **BACHARACH**, **MURPHY**, and **CARSON**, Circuit Judges.

After examining Maximillian Zeferino Esquibel's pro se opening brief and

the appellate record, this panel has determined unanimously that oral argument

would not materially assist in the determination of this appeal. *See* Fed. R. App.

P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without

oral argument.

---

*This order and judgment is not binding precedent except under the
doctrines of law of the case, res judicata, and collateral estoppel. It may be cited,
however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th
Cir. R. 32.1.

Esquibel appeals from an order of the district court dismissing without prejudice his "Jurisdictional Complaint." A jury found Esquibel guilty of a single count of being a prohibited person illegally in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). On December 7, 2020, the district court entered a criminal judgment consistent with the jury's verdict. Nine days later, Esquibel initiated this civil action against three federal prosecutors associated with his criminal case. The legal claims asserted in Esquibel's "Jurisdictional Complaint" range from sovereign-citizen-type arguments that Esquibel is a "transient foreigner," to assertions the federal prosecutors named in this action lacked the power to enforce any laws against him. As noted by the district court, "[t]he sum of these contentions lead [Esquibel] to conclude that the criminal judgment entered against him is void."

The district court sua sponte dismissed Esquibel's complaint because it was patently obvious Esquibel could not prevail on the facts alleged and allowing him an opportunity to amend his complaint would be futile. *See McKinney v. State of Okl., Dep't of Human Servs.*, 925 F.2d 363, 365 (10th Cir. 1991). In so doing, the district court concluded the instant civil action was barred by *Heck v. Humphrey*, 512 U.S. 477, 486 (1994) (holding that civil actions "are not appropriate vehicles for challenging the validity of outstanding criminal judgments"). Because Esquibel's action implied the invalidity of his conviction, he could not proceed in a civil rights action until and unless his conviction was set aside on direct appeal

or collateral review.  And, as also noted by the district court, Esquibel currently has pending before this court a direct appeal, a vehicle he can properly use to challenge the validity of his conviction.

Rather than responding to the district court's *Heck*-based dismissal, Esquibel's brief on appeal focuses exclusively on the merits of his jurisdictional claims.  Thus, he has waived any argument that the district court erred in relying on *Heck* to dismiss without prejudice his "Jurisdictional Complaint."  In any regard, the district court was clearly correct in ruling that, at this juncture, *Heck* bars Esquibel's civil-rights-based challenge to the validity of his conviction. Instead, that claim must be raised, if at all, on direct appeal and/or in a 28 U.S.C. § 2255 motion to vacate his judgment of conviction.  *Akers v. Martin*, 227 F. App'x 721, 723 (10th Cir. 2007) (unpublished disposition cited exclusively for its persuasive value) ("[T]o the extent [Plaintiff] seeks to challenge his criminal conviction and sentence, he may file a direct appeal and/or seek post-conviction relief as provided by 28 U.S.C. § 2255.").

For those reasons set out above, the order of the United States District Court for the District of Colorado dismissing Esquibel's action without prejudice is hereby **AFFIRMED**.

ENTERED FOR THE COURT


Michael R. Murphy
Circuit Judge